### FRAZIER v. CREWS. (No. 7014.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 7, 1923.)

**1. Appeal and error ⚖➙1033(7) — Appellant cannot complain of findings in his favor.**

Where plaintiff sought to recover for misrepresentations as to the value of an automobile sold by defendant to her in exchange for land, the court's finding that the value of the car was $180, when under the evidence it was only $175, was beneficial to defendant, and he could not complain of it.

**2. Evidence ⚖➙271(19)—Letters stating what land cost the writer, each stating a different amount, held not evidence of value in her favor.**

Letters to another, in which the writer stated that land cost her $400 or $380, and at another time that the tract cost $360, *held* not evidence of value in her favor.

**3. Appeal and error ⚖➙564(3) — Exceptions, bill of ⚖➙41(1)—Bill of exceptions and statement of facts filed within 90-day extension are properly filed.**

Statement of facts and bill of exceptions filed within a 90-day extension granted by court were filed in time under Vernon's Sayles' Ann. Civ. St. 1914, art. 2073.

Error from Dimmitt County Court; Wm. H. Davis, Judge.

Action by Mrs. Ida Crews against Berd T. Frazier. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Grover C. Jackson, of Crystal City, and Russell & Woodhull, of San Antonio, for plaintiff in error.

M. L. Harkey, of Crystal City, and Vandervoort & Johnson, of Carrizo Springs, for defendant in error.

FRY, C. J. This is a second appeal of this case, a judgment of dismissal of a writ of certiorari from the justice's court having been reversed and the cause remanded. 236 S. W. 773. On a trial of the cause judgment was rendered by the county judge in favor of appellee for $180.

[1, 2] The cause of action was based on misrepresentations made by appellant to appellee whereby he induced her to exchange certain land in Refugio for a secondhand Ford automobile. Appellee sought a recovery of the difference between the true value of the automobile and the true value of the land. The court found that the value of the Ford car was $180, although the only testimony on the subject was that it was worth only $175. Of course, this was to the benefit of appellant, and he has no ground for complaint, although he seems to be dissatisfied with such finding. The court also found that the land was worth $360, and the evidence fails to sustain such finding. No witness swore as to the value of the land, and the letters of appellee in which at one time she stated that the land cost her "$400.00 or $380.00," and at another that the tracts "cost us $360.00," were not evidence of value. These may have been the jockeyings of the exchanger of properties—at any rate, it was not evidence of the value of the lands—and consequently the facts formed no basis for the judgment of the court.

The plea of privilege was properly overruled.

[3] The statement of facts and bill of exceptions were filed within the 90-day extension granted by the court and sanctioned by law. Article 2073, Vernon's Sayles' Statutes.

Because the evidence is insufficient to sustain the judgment, it is reversed and the cause remanded.