# APRIL, 1940

FIDELITY & CASUALTY COMPANY OF NEW YORK V.
J. T. McLAUGHLIN.

No. 7313. Decided January 31, 1940.
Rehearing overruled April 3, 1940.
(135 S. W. 2d Series, 955.)

614

*Baker, Botts, Andrews & Wharton,* and *Albert P. Jones,* all of Houston, for plaintiff in error.

Where the jury in its verdict found that the claimant was totally disabled for a period of 111 weeks, that he sustained partial incapacity in the past, that his partial incapacity existed in a degree of 75 per cent and that such partial incapacity would be permanent, the findings are conflicting and will not support a judgment in his favor and the trial court and the Court of Civil Appeals erred in holding that there was no material conflict. Traders & Gen. Ins. Co. v. Woods, 103 S. W. (2d) 1058; French v. Hill, 69 S. W. (2d) 828; Maryland Casualty Co. v. Howie, 94 S. W. (2d) 220.

*Albert J. DeLange* and *Morris & Bennett,* all of Beaumont, for defendant in error.

With reference to the alleged conflicts in the jury's answers, defendants in error cite: Commercial Casualty Co. v. Strawn, 44 S. W. (2d) 805; Trades & Gen. Ins. Co. v. Ross, 131 Texas 562, 117 S. W. (2d) 423; Aetna Life Ins. Co. v. Culvahouse, 10 S. W. (2d) 803.

MR. JUSTICE CRITZ delivered the opinion of the Court.

This is a workman's compensation case. It appears from the record that J. T. McLaughlin was injured in the course of his employment as an employee of Phoenix Engineering Corporation. The injury occurred on February 28, 1934, at New

Iberia, in the State of Louisiana. The suit is sought to be maintained in this State under the extraterritorial provisions of our Workmen's Compensaton Law. All preliminary steps necessary to invest the district court with jurisdiction were duly had. No good purpose would be served by detailing same here. Trial in the district court, where the case was tried with a jury, resulted in a judgment for McLaughlin, and against Fidelity & Casualty Company of New York, the employer's Texas compensation insurance carrier. On appeal by the insurance carrier to the Court of Civil Appeals, the judgment of the district court was affirmed. 106 S. W. (2d) 815. The insurance carrier brings error.

We shall hereinafter refer to McLaughlin as plaintiff, and to Fidelity & Casualty Company of New York as Casualty Company.

By several assignments of error the Casualty Company contends that the judgments of the two lower courts should be reversed, and judgment here rendered for it, because the facts of this record show indisputably that, at the time of his injury, plaintiff did not occupy the status of a Texas employee of Phoenix Engineering Corporation, incidentally or temporarily sent to a foreign state, Louisiana, to perform labor. The statute involved in the above assignment is Section 19 of Article 8306, R. C. S. 1925, as amended. Such statute is generally referred to as the extraterritorial part of our Workmen's Compensation Statutes. So far as applicable here, such statute reads as follows:

"Sec. 19. (Section 1) If an employee, who has been hired in this State, sustain injury in the course of his employment he shall be entitled to compensation according to the Law of this State even though such injury was received outside of the State, and that such employee, though injured out of the State of Texas, shall be entitled to the same rights and remedies as if injured within the State of Texas, except that in such cases of injury outside of Texas, the suit of either the injured employee or his beneficiaries, or of the Association, to set aside an award of the Industrial Assident Board of Texas, or to enforce it, as mentioned in Article 8307, Sections 5-5a, shall be brought either * * *."

\* \* \* \* \* \* \*

"Providing that such injury shall have occurred within one year from the date such injured employee leaves this State; and provided, further, that no recovery can be had by the injured employee hereunder in the event he has elected to pursue his remedy and recovers in the state where such injury occurred."

In the case of *Texas Employers' Insurance Association v. Volek* (69 S. W. (2d) 33), Section A of the Commission, speaking through this writer, construed the above statute, and held:

"A careful reading of the above statute shows that it has effect to extend the provisions of our Workmen's Compensation Law to any employee 'who has been hired in this State,' even 'though injured out of the State of Texas,' if such injury be received within one year from the date he leaves the State. It will be noted that the statute only purports to cover 'an employee who has been hired in this State.' This clause certainly does not have reference to the place where the hiring was originally made. The primary purpose of our Compensation Law is to protect our own workmen. The purpose of the extraterritorial provision is to protect, under our law, employees who are such in this State under some contract of hiring, and who are incidentally or temporarily sent out of this State to perform labor or services."

■ We will adhere to the construction of the above-quoted statute as announced in the Volek case, supra. Our compensation statutes were enacted primarily to protect Texas workmen and employees. The extraterritorial provisions thereof were enacted to protect Texas workmen or employees,—that is, workmen or employees who occupy such status in Texas under some contract of hiring, who are incidentally or temporarily sent out of this State by their employers to perform labor or services. Of course, under the plain terms of the statute, all extraterritorial protection thereunder ceases unless the employee is injured within one year from the date of his leaving the State.

■ This record shows that plaintiff was injured at New Iberia, in the State of Louisiana, while in the employment of Phoenix Engineering Company and working in its warehouse there located. Plaintiff contends that at the time of his injury he occupied the legal status of a Texas employee of the above-named employer, incidentally or temporarily sent to New Iberia, Louisiana, to perform labor or services for such employer. The Casualty Company, as above stated, contends that this record shows indisputably that at the time plaintiff was injured, he did not occupy such status. The district court determined this issue in favor of plaintiff. Such determination must stand, unless the evidence in this record shows the contrary as a matter of law. We shall now determine that question. In doing so we consider the evidence in its most favorable light for the plaintiff. This is because of the findings of the trial court in his favor.

Plaintiff was sworn as a witness in his own behalf, and on the question under consideration testified in substance as follows:

That he resided at the time of trial in Beaumont, Texas; that in the early part of February, 1934, he resided in New Iberia, Louisiana; that about the time just mentioned he went to Houston, Texas, to seek employment; that he went for such purpose to the Phoenix Engineering Corporation, in the Rusk Building, in Houston, Texas; that on such occasion he was given employment with the corporation just mentioned; that he was employed as a warehouseman, and that he started to work for such employer in Houston, Texas.

Plaintiff further testified that when he arrived in Houston, Texas, he went to the office of the Phoenix Engineering Corporation and talked to Mr. Hamilton, its superintendent; that on such occasion he asked Mr. Hamilton for employment; that Hamilton sent plaintiff to the warehouse to see Mr. Sternberg; that plaintiff did go to such warehouse and did talk to Mr. Sternberg; that on such occasion Mr. Sternberg gave plaintiff a job; that after he was given such job, plaintiff worked about an hour and fifteen minutes at the warehouse in Houston, Texas; that this work took place on the day plaintiff was hired; that when Sternberg agreed to give plaintiff a job, it was agreed that his wages would be 50 cents an hour; that when plaintiff was hired in Houston no special hours were agreed on, except Sternberg said plaintiff would have to come to work early in the morning and stay late at night, until the crews came in, so as to take care of the equipment.

■ Without attempting to further detail the testimony regarding the matter under discussion, we will say that we think this record justifies the conclusion that, within a very short time after the above transaction had been had, plaintiff was sent by Phoenix Engineering Corporation to New Iberia, in Louisiana, to work in its warehouse there located. We think the record further shows that plaintiff was injured while working in such employment in Louisiana; that such injury occurred in the course of employment; and that plaintiff's employment in Louisiana could be classed as temporary.

Under the above record, we think that the trial court was justified in finding, in effect, that plaintiff at the time of his injury was protected under the provisions of Section 19, Article 8306, of our Compensation Statutes, above quoted. In this connection, we are frank to say that there is testimony in this record, which we have not detailed, which might have

618

justified a finding by the trial court that plaintiff at the time of his injury did not occupy the status of a Texas employee of the Phoenix Engineering Corporation; but since the evidence on that question is conflicting, we are without authority to disturb the findings of the trial court.

■ We now come to the most difficult question in this case, and the one on which this writ was granted. The question is whether the verdict regarding the question of incapacity is so conflicting that no judgment can be based thereon.

In response to certain questions propounded by the trial court, the jury found: (a) that plaintiff's incapacity at the time of trial was total; (b) that such total incapacity was not permanent; (c) that plaintiff's total incapacity had continued for 59 weeks prior to and up to the time of trial; and (d) that plaintiff's total incapacity would continue in the future after the time of trial for 52 weeks.

In response to other questions propounded by the trial court, the jury found: (a) that plaintiff sustained partial incapacity prior to the time of the trial; (b) that plaintiff sustained partial incapacity to the extent of 75 per cent.; and (c) that such partial incapacity is permanent.

The record shows that the trial court entered judgment for the plaintiff only as for permanent incapacity to the extent of 75 per cent. No total incapacity was included in the judgment. The Casualty Company contends that the above findings are so conflicting that no judgment can be based thereon. The plaintiff contends that such findings demonstrate an intent on the part of the jury to find total incapacity for 59 weeks prior to the trial and 52 weeks after the trial, and to then find partial incapacity thereafter to the extent of 75 per cent. Plaintiff contends, in the alternative, that if he is mistaken in the contention just made, then this verdict is not conflicting to the extent of 75 per cent. incapacity. We overrule the contention that the verdict can be construed as finding total incapacity for 111 weeks and thereafter partial incapacity to the extent of 75 per cent. It is too plain for argument that the jury has found that both total and partial incapacity existed at the same time for a certain period. We, however, sustain the contention made by plaintiff that the verdict is not conflicting to the extent of 75 per cent. incapacity, the per cent. on which the trial court based its judgment.

■ There is a rule of law that conflicting findings destroy each other and leave no findings on the issues involved. This rule is too well established to require the citation of authorities. This

rule is as self-evident as the axiom that two bodies of the same size cannot occupy the same space at the same time. In spite of this rule, we think that conflicting findings should not be held to destroy each other except to the extent of the conflict. Only to that extent could such findings possibly destroy each other.

When we come to consider as a whole the two sets of findings here involved, we find they do not totally conflict with each other. Incapacity is contained in both sets of findings. The findings first mentioned, supra, find incapacity to the extent of 100 per cent. The other set of findings, mentioned supra, find incapacity to the extent of 75 per cent. only. Incapacity to the extent of 75 per cent. is contained in and found by both sets of findings. To the extent of 75 per cent, there is, therefore, no conflict. Twenty-five per cent. of the incapacity found by the first set of findings is not in the other set, but is excluded therefrom . Therefore, to the extent of 25 per cent. the two sets of findings conflict. The conflict, however, is only to the extent of the percent. just mentioned. The insurance carrier is certainly in no position to complain of a judgment based on the part of the verdict where no conflict exists.

■ Under the evidence in this record, the injured employee had a right to a finding on total or 100 per cent. incapacity; and if he were here complaining, we would have to reverse this judgment and remand the cause generally. This is because this case must be disposed of in one trial. Phoenix Assurance Co. v. Stobaugh, 127 Texas 308, 94 S. W. (2d) 428. We simply hold that, since this record shows that the injured employee is willing to waive, and in effect has waived, his right to have a finding on 100 per cent. incapacity, and has signified his willingness to accept a judgment based on 75 per cent. incapacity, as to which per cent. there is an unconflicting verdict, he has the right to do so.

We have carefully examined all assignments contained in the application for the writ, and, in our opinion, they present no reversible error.

The judgments of the Court of Civil Appeals and district court are both affirmed.

Opinion delivered January 31, 1940.

Rehearing overruled April 3, 1940.