HOUSTON FIRE & CASUALTY INSUR-
ANCE COMPANY, Appellant,

v.

J. W. BRITTIAN, Appellee.

No. 6776.

Court of Civil Appeals of Texas.

Beaumont.

June 24, 1965.

Garrison, Renfrow, Zeleskey, Cornelius & Rogers, Lufkin, for appellant.

Barber & Seale, Jasper, for appellee.

STEPHENSON, Justice.

This is a case brought under the Workmen's Compensation Law. Trial was by jury, and judgment was for plaintiff that he recover the maximum benefits for a period of 200 weeks. The parties will be referred to here as they were in the trial court.

The jury found that plaintiff sustained 200 weeks of total incapacity beginning April 8, 1963. The jury also found that plaintiff sustained 200 weeks of partial incapacity beginning the same date. Defendant contends that there is a fatal conflict in these two findings. The jury also found that plaintiff had no wage earning capacity during the period of partial incapacity. We hold that there is no fatal conflict in these two findings inasmuch as the plaintiff would have been entitled to recover the same amount of money under each finding, according to the evidence in this case. The test to determine whether there is a conflict in two issues is whether a judgment would be rendered for plaintiff based upon one issue, and for defendant based upon the other issue. The two findings in this case both result in a judgment for plaintiff. Fidelity & Casualty Co. v. McLaughlin, 134 Tex. 613, 135 S.W.2d 955; Pearson v. Doherty, 143 Tex. 64, 183 S.W. 2d 453.

Defendant contends that there is a fatal conflict in the findings of the jury that plaintiff was partially incapacitated, and that he had no wage earning capacity during such period of partial incapacity. It is admitted that these findings are inconsistent in view of the definition of partial incapacity submitted by the court. However, defendant can find no comfort or relief in this inconsistency. Although the court in its charge instructed the jury that a person cannot be totally incapacitated and partially incapacitated at the same time, it is easy to understand how a jury would still be convinced that total incapacity also includes partial incapacity. It is apparent that the jury was attempting to find again that plaintiff was totally disabled during such period of 200 weeks. Even if the jury had found plaintiff to have some wage earning capacity then the doctrine of Texas General Indemnity Co. v. Villa, Tex.Civ. App., 297 S.W.2d 231, would have applied. In such event there would have been no fatal conflict, but the judgment would have to have been for the lesser amount. The point is overruled.

Defendant's next points are that there is no evidence to support the finding of the jury that plaintiff had no wage earning capacity during the period of partial disability, and that such finding was contrary to the great weight and preponderance of the evidence. Considering first the no evidence point, we look only at the evidence favorable to such finding: Dr. Joe W. Dickerson testified that, in his opinion, that

plaintiff was totally and permanently disabled as a result of the injury made the basis of this suit. Medical evidence of total and permanent disability supports a finding of no wage earning capacity. In passing upon the great weight and preponderance of the evidence point we consider the entire record. Dr. G. Bruce Stephenson testified that he found no evidence of a back injury and could find no reason why plaintiff couldn't do his usual work. The evidence also showed plaintiff, since the date of the accident, had worked at a service station for one day for James Nichols and from one month to three months for Tony Tommy and as a tractor driver for M. E. Dickerson for about 45 days. Defendant argues that inasmuch as plaintiff has been earning money that he does have some wage earning capacity. There is nothing conclusive about evidence that an injured employee has worked since the date of his injury. It is evidence to be considered with other facts and circumstances in each case and does not settle the question as a matter of law. It is similar to the rule applied in cases in which a claimant continues to work while claiming to be totally disabled. Texas Employers Insurance Association v. Cummings, Tex. Civ.App., 364 S.W.2d 255. This finding of the jury is not so contrary to the great weight and preponderance of the evidence as to be clearly wrong. These points are overruled.

■■■■■ It is contended that the trial court erred in admitting in evidence the testimony of Dr. Joe Dickerson given at a former trial of this case. This was the only medical witness called by plaintiff during this trial. As a predicate for the admission of such testimony, John Seale, attorney for plaintiff, testified as follows:

"My name is John Seale. I am one of the attorneys of record for the plaintiff in this case. This case has been tried once previously in February of 1964, and at that time I called as a witness Dr. Joe Dickerson, who testified on behalf of the plaintiff. It had been my intention to call Dr. Dickerson as a witness in this case—in this trial of this case, and I had checked with Dr. Dickerson as late, or with his office as late as last Friday to determine that he would be available for trial, and learned at that time he would not be available after Tuesday, which is today, but that he would be available today. I had accordingly made plans to call him as a witness today. I then called his office this morning shortly before the jury was selected and discovered that he was tied up in surgery and, emergency surgery, and he was leaving town as soon as the surgery was completed and would not be available for the remainder of the week. I had no idea of this surgery until I did call this morning. If I had I would have attempted to offer Dr. Dickerson for deposition last week or some—

\* \* \* \* \* \*

"And I then made a second call to Dr. Dickerson's office during the noon recess hoping that he would have been through and been available to be here, but I again discovered that he was not and would be tied up in surgery for the remainder of the day and then would be out of town for the remainder of the week and thus unable to testify in this case."

The former testimony was then admitted in evidence, both direct and cross-examination. The rule as to admission of evidence given at a former trial was stated by the Supreme Court in Lone Star Gas Co. v. State, 137 Tex. 279, 153 S.W.2d 681, as follows:

"\* \* \* It is the settled law that under an exception to the general rule against hearsay evidence, 'testimony of a witness given at a former trial of the same case on substantially the same issues, and where there was opportunity for cross examination, may be reproduced where it is shown that the witness is dead, or that he had become

insane, or is physically unable to testify, or is beyond the jurisdiction of the court, or that his whereabouts is unknown and that diligent search has been made to ascertain where he is, or that he has been kept away from the trial by the adverse party.' "

We construe this exception to the hearsay evidence rule to give the trial court discretion in determining when such evidence is admissible. It is not limited to the instances mentioned in such rule. We do not find that the trial court abused its discretion in this case. In any event, with the same issues being tried, and the opportunity for cross-examination having been exercised, we find no reversible error under Rule 434, Texas Rules of Civil Procedure. The point is overruled.

Judgment affirmed.