Charles WHALEY, Appellant,

v.

ANGELINA CASUALTY COMPANY,
Appellee.

No. 17002.

Court of Civil Appeals of Texas.

Dallas.

Dec. 29, 1967.

Rehearing Denied Jan. 26, 1968.

Roy B. Johnson, of Gallagher, Wilson, Berry & Jorgenson, Dallas, for appellant.

Royal H. Brin, Jr., of Strasburger, Price, Kelton, Martin & Unis, Dallas, for appellee.

CLAUDE WILLIAMS, Justice.

In this workmen's compensation case the sole question on appeal is whether the trial court erred in failing to grant appellant's motion for mistrial and motion for new trial because of allegedly fatal conflicts in the jury's answers to certain special issues.

The parties stipulated in open court that appellant's average weekly wage prior to injury was $64.13. The court submitted the case to the jury upon special issues covering the affirmative and defensive theories of total and partial disability. In connection with partial disability the court defined the term as meaning:

"'PARTIAL INCAPACITY' means any degree of incapacity less than total whereby an employee by means of an injury sustained in the course of his em-

ployment suffers a depreciation or reduction in his earning capacity, that is to say, he is only able to perform part of the usual tasks of a workman, but, nevertheless, is able to procure and retain employment reasonably suitable to his physical condition and ability to work, or is only able to perform labor of a less remunerative class than he performed prior to his injury."

The jury found that appellant had suffered total disability for a period of five weeks. The jury also found that appellant had sustained partial incapacity for a period of six weeks and two days. In answer to Special Issue No. 11 the jury found that the average weekly wage earning capacity of appellant during such period of partial incapacity was $64.13, being the stipulated average weekly wage.

The verdict of the jury having been examined by the court and counsel in the court's chambers, it was proposed by the court that the jury be retired for further deliberations with instructions to resolve what the court considered a conflict between the answers finding partial disability and finding the average earning capacity during such period equal to the stipulated average weekly wage. Thereupon appellant's counsel moved for a mistrial and also objected to the court's retiring the jury for further deliberations for the purpose of resolving the possible conflict. Appellee's counsel stated to the court that it was his position that the possible conflict should be called to the attention of the jury and that the jury be given an opportunity to reconcile the answers, but that appellee would, in open court, judicially admit that appellant's average weekly wage earning capacity during the period of partial disability was such that he would be entitled to the maximum $35 a week benefit for such period.

On the basis of such judicial admission, the court accepted the verdict and awarded judgment for appellant for five weeks' total incapacity at $35 a week and six weeks'

and two days' partial incapacity at the rate of $35 a week, with credit for the amount previously paid by appellee. Appellant appeals contending, in one point of error, that the trial court should have granted his motion for mistrial or motion for new trial based upon irreconcilable and fatal conflicting findings of the jury.

Our Supreme Court, in 1961, was confronted with two cases, very similar in nature, and dealing with the question of fatal conflict of jury findings concerning partial disability and average weekly wage earning capacity during such period of partial incapacity being the same as the average wage agreed upon. In Indemnity Ins. Co. of North America v. Craik, 162 Tex. 260, 346 S.W.2d 830, the Supreme Court held that there was no fatal conflict. The court based its finding upon its construction of the definition of the term "partial disability" as given in that particular case and which dealt with the placement of commas within the definition. In Employers Reinsurance Corp. v. Holland, 162 Tex. 394, 347 S.W.2d 605, the Supreme Court, again construing the definition of "partial incapacity" as given by the court in that case, and also involving the fact that a comma was omitted in such definition, held that there was a fatal conflict and that mistrial was properly entered.

■ In the case under consideration the trial court utilized a definition of the term "partial incapacity" which, while containing the same general terms, was rearranged in such a manner as to leave no doubt that by such term is meant that an employee by means of an injury sustained in the course of his employment suffers a depreciation or reduction in his earning capacity. This phrase was placed at the beginning of the definition, rather than at the end thereof as in the two cited cases decided by the Supreme Court. In *Holland,* supra, the Supreme Court said that under the definition there given, "The jury thus found that the plaintiff had suffered 'a depression or reduction of his

earning capacity' ". We think the same statement is applicable here, especially in the light of the definition utilized which leaves no doubt in sentence structure (as in the cases presented to the Supreme Court) concerning the meaning of the court. So, we conclude that as the verdict was returned to the court in this case it did present a conflict of jury findings. The trial court thought so and wanted to send the jury back for further deliberations. Appellee's counsel was of the same opinion. Appellant's counsel, on the contrary, objected to such procedure and moved for a mistrial. It was at this juncture that appellee's counsel made the judicial admission which, we believe, eliminated from the case the question of irreconcilable conflict in jury findings to special issues. Such admission had the legal effect of eliminating the necessity for the submission of and jury answer to the issue relating to average weekly wage earning capacity. Traders and General Ins. Co. v. Rockey, 278 S.W.2d 490 (Tex.Civ. App., Amarillo 1955, writ ref'd n. r. e.); Griffin v. Superior Ins. Co., 161 Tex. 195, 338 S.W.2d 415 (1960).

▇▇▇ While it is an established rule of law that conflicting findings destroy each other and leave no findings on the issues involved it is also recognized that a party may waive a finding in order to resolve a conflict. This is classically illustrated in the opinion of the Supreme Court in Fidelity & Casualty Co. of New York v. Mc-Laughlin, 134 Tex. 613, 135 S.W.2d 955 (1940). The jury verdict in the compensation case there under consideration was admittedly in conflict. However, the employee waived his right to a favorable finding to one of the issues and agreed to accept a judgment based on a lesser amount. The Supreme Court held that under such conditions there was no conflict in the verdict and a judgment could be rendered thereon.

In Thorn v. Stanford Sanitorium, 297 S. W.2d 862 (Tex.Civ.App., Dallas 1957), this court was confronted with a situation where appellant declared that the trial court should have ordered a mistrial because of irreconcilable conflict between jury answers to material issues. The defendant in that case waived the inconsistency of jury answers, acquiescing in a plaintiff's judgment for a reduced amount. We held that in such state of the record the plaintiff was not in a position to complain on appeal and that judgment was proper. It is significant to note that in that case no claim was made of the inadequacy of the jury award and none is expressed in the instant case.

See also Van Deventer v. Gulf Production Co., 41 S.W.2d 1029 (Tex.Civ.App., Beaumont 1931, writ ref'd); Texas General Indemnity Co. v. Villa, 297 S.W.2d 231 (Tex. Civ.App., Eastland 1957, writ ref'd n. r. e.); Commercial Casualty Ins. Co. v. Strawn, 44 S.W.2d 805 (Tex.Civ.App., Waco 1932, writ ref'd); Maryland Casualty Co. v. Foote, 139 S.W.2d 602 (Tex.Civ.App., Eastland 1940, writ ref'd); Houston Fire & Casualty Ins. Co. v. Brittian, 392 S.W.2d 604 (Tex.Civ.App., Beaumont 1965).

The case of Eubanks v. Winn, 420 S.W. 2d 698, decided by the Supreme Court November 15, 1967, relied upon by appellant is factually distinguishable and the ultimate decision of the court in that case, is, in our opinion, not controlling here. The Supreme Court in Eubanks reaffirmed its prior decision in Fidelity & Casualty Co. v. Mc-Laughlin, 134 Tex. 613, 135 S.W.2d 955 (1940), in which a resolution of a conflict in jury answers was solved by a party waiving a particular favorable finding.

▇▇▇ The conflict of jury answers having been eliminated the judgment was properly based upon the judicial admission together with the answer of the jury to the question as to the number of weeks of partial incapacity sustained by appellant. Appellant has not brought forward to this court a statement of facts so we therefore presume that the answer of the jury to the issue as to the number of weeks of partial disability is supported by competent evidence which

will support the judgment. Taylor v. Catalon, 140 Tex. 38, 166 S.W.2d 102 (1942); Schweizer v. Adcock, 145 Tex. 64, 194 S.W.2d 549 (1946); Insurance Co. of St. Louis v. Bellah, 373 S.W.2d 691 (Tex.Civ. App., Fort Worth 1963).

Appellant has completely failed to demonstrate that any error committed by the trial court amounted to such a denial of the rights of appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in this case. Rule 434, Vernon's Texas Rules of Civil Procedure. The judgment awarded to him the maximum that he could have possibly recovered under the Workmen's Compensation Law * based upon the answer of the jury to the number of weeks of partial incapacity. No harm could have resulted to appellant by appellee's action in judicially admitting a figure which resulted in a computation of an amount to be the maximum which he could possibly obtain. Thus, in effect, any possible error concerning the judgment based upon the issue of amount of average weekly wage earning capacity during the period of partial incapacity militates in favor of appellant who is in no position to complain on appeal. Frazier v. Crews, 255 S.W. 673 (Tex.Civ. App., San Antonio 1923); Stuyvesant Ins. Co. v. Driskill, 244 S.W.2d 291 (Tex.Civ. App., Fort Worth 1951); and Lone Star Life Ins. Co. v. Kunath, 322 S.W.2d 673 (Tex.Civ.App., Dallas 1959).

Finding no reversible error reflected in this record appellant's point of error is overruled and the judgment of the trial court is affirmed.

Affirmed.

---

* Article 8306, Section 11, Vernon's Ann. Civ.St., provides:

"While the incapacity for work resulting from the injury is partial, the association shall pay the injured employee a weekly compensation equal to sixty per cent (60%) of the difference between his average weekly wages before the injury and his average weekly wage earning capacity during the existence of such partial incapacity, but in no case more than Thirty-five Dollars ($35) per week."