**Lauro MANCILLAS, Appellant,**

v.

**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.**

**No. 1082.**

Court of Civil Appeals of Texas, Corpus Christi.

Nov. 18, 1976.

Rehearing Denied Dec. 9, 1976.

Steve Q. McManus, Kilgore, Cole, Seerden & McManus, Victoria, for appellant.

J. W. Wray, Jr., Dyer, Redford, Burnett, Wray, Woolsey, Corpus Christi, for appellee.

## OPINION

YOUNG, Justice.

The primary question to be decided in this workmen's compensation case is whether certain findings of the jury are in fatal conflict. We hold that they are not.

Judgment on the verdict was rendered by the trial court in favor of cross-plaintiff Lauro Mancillas against cross-defendant Texas Employers' Insurance Association for workmen's compensation benefits, plus medical expenses and interest. Mancillas, the employee, appeals from that judgment.

In answers to fourteen special issues the jury found: 1) that appellant received an accidental injury in the course of his employment for Texas Concrete Company on or about May 6, 1974; 2) and 3) that the injury was a producing cause of temporary total incapacity; 4) and 5) that the beginning and ending dates of the total incapaci-ty were May 10, 1974, and May 12, 1974; 6) and 8) that the injury was a producing cause of temporary partial incapacity; 7) and 9) that the beginning and ending dates of the partial incapacity were May 7, 1974, and August 16, 1974; 10) that the average daily wage was $26.00 for the year preceding the injury; 11) that the average weekly earning capacity during the partial incapacity was "0"; 12) that compensation paid in weekly installments instead of in a lump sum would cause hardship to Mancillas; 13) and 14) that medical care was reasonably required as a result of the injury at a reasonable cost of $3,756.60.

After the jury returned their final verdict containing the above findings, the appellant moved the trial court to instruct the jury that there was a conflict between special issues 5 and 7 and further requested that the jury be sent back to the jury room to reconsider such conflict. This motion was overruled and the verdict was received and filed.

Thereafter the appellant employee filed his motion for mistrial contending that several of the jury findings were in conflict while appellee moved for judgment on the verdict. The trial court overruled appellant's motion for mistrial and granted appellee's motion for judgment. Whereupon the trial court, in accordance with appellee's motion, entered judgment in favor of appellant for compensation for 14⅜ths weeks beginning May 7, 1974, at $63.00 per week, the maximum compensation rate allowed by law for $3,756.60 in medical expenses, plus interest.

In the first three of his five points of error, the appellant alleges conflicts upon which he relies for reversal. Those alleged conflicts are categorized as follows:

1. The finding of temporary partial incapacity from May 7, 1974 to August 16, 1974, (answers to issues 6, 7, 8 and 9) conflicts with the finding of zero earning capacity during that period (answer to issue 11).

2. The finding of total incapacity from May 10, to May 12 (answers to issues 4 and 5) conflicts with the finding of zero

earning capacity during the period of temporary partial incapacity (answer to issue 11).

3. The finding of total incapacity from May 10 to May 12 (answer to issues 4 and 5) conflicts with the finding of partial incapacity from May 7 to August 16 (answers to issues 7 and 9).

■■■ About the first category, there is conflict in those findings because one who has no wage earning capacity is totally and not partially incapacitated for workmen's compensation purposes. *Insurance Company of North America v. Brown*, 394 S.W.2d 787 (Tex.1965). About the second category, there is also conflict in those findings because of the jury's answer of total disability for a period and the answer of no wage earning capacity during a subsequent period of disability. *Insurance Company of North America v. Brown,* supra. And about the last category, there is conflict in those findings because, within the meaning of the workmen's compensation law, a person cannot be both totally incapacitated and partially incapacitated during the same or overlapping periods of time. *Fidelity & Casualty Co. of New York v. McLaughlin*, 134 Tex. 613, 135 S.W.2d 955 (1940); *Texas Employers Ins. Ass'n v. Phelan*, 103 S.W.2d 863 (Tex.Civ.App.—Amarillo 1937, no writ).

So it is obvious that the verdict in our case contains apparent conflicts of findings. Even so, we cannot presume that the jurors intended to return conflicting answers and it is our duty to reconcile apparent conflicts if we can reasonably do so. *Producers Chemical Company v. McKay*, 366 S.W.2d 220 (Tex.1963); *Hogg v. Washington National Insurance Company*, 503 S.W.2d 325 (Tex.Civ.App.—Tyler 1973, no writ). In that vein, a party may waive a favorable finding in order to resolve a conflict. *Fidelity & Casualty Co. of New York v. McLaughlin,* supra; *Whaley v. Angelina Casualty Company*, 423 S.W.2d 448 (Tex. Civ.App.—Dallas 1967, writ ref'd n. r. e.).

In our case, before the trial court had entered judgment, the appellee carrier moved for judgment on the verdict. In this motion, the appellee asked the trial court, among other things, to award the appellant compensation as follows:

". . . 14⅗ths weeks compensation beginning the 7th day of May 1974, and ending the 16th day of August 1974, . . . at the rate of $63.00 per week . . ."

In *Whaley*, the jury found that the plaintiff employee sustained a period of temporary partial incapacity but found an average weekly wage earning capacity equal to his stipulated average weekly wage prior to the accident. This was a conflict in *Whaley* for the same reason that a zero earning capacity during a period of partial incapacity creates a conflict in our case. The carrier stipulated in *Whaley*, however, that the plaintiff was entitled to compensation at the maximum rate for partial incapacity. With that stipulation, the trial court received the verdict and entered judgment on the verdict. On appeal the plaintiff argued irreconcilable conflict. The appellate court met that argument as follows:

". . . Such admission had the legal effect of eliminating the necessity for the submission of and jury answer to the issue relating to average weekly wage earning capacity . . ."

That court reasoned further:

". . . The judgment awarded to him the maximum that he could have possibly recovered under the Workmen's Compensation Law based upon the answer of the jury to the number of weeks of partial incapacity. No harm could have resulted to appellant by appellee's action in judicially admitting a figure which resulted in a computation of an amount to be the maximum which he could possibly obtain. Thus, in effect, any possible error concerning the judgment based upon the issue of *amount* of average weekly wage earning capacity during the period of partial incapacity militates in favor of appellant who is in no position to complain on appeal . . ." (Emphasis supplied.)

■■ In our case, the carrier by its motion for judgment eliminated the necessity of a jury finding relating to average weekly

wage earning capacity as effectively as the carrier in *Whaley* by its judicial admission eliminated the necessity of a finding. There was no error, therefore, by the trial court in our case when it entered judgment in spite of a jury finding of zero for average weekly earning capacity. This is so for the same reasons that there was no error by the trial court in *Whaley* when it entered the judgment it did.

■ All of this leaves us with a resolution of the additional apparent conflict of findings of temporary partial incapacity and temporary total incapacity existing during the same period of time. This matter is complained of by the appellant as set out in the third category above. This conflict can be reconciled as follows: As we have noted, the trial court entered judgment awarding the appellant the maximum rate ($63.00) based upon the maximum period of incapacity (May 7 to August 16) found by the jury. Whether the appellant was partially or totally incapacitated during this period would make no difference in the total amount that could be awarded to him. The amount was the maximum. Consequently, the finding of total incapacity becomes immaterial when we consider that the period of total (May 10th, May 12) found by the jury falls completely within the period of partial (May 7 to August 16) found by the jury. Appellant's first three points are overruled.

■ In his fourth point of error, the appellant claims error by the trial court by its failure to grant a new trial because of conflict between the jury's findings of the beginning and ending dates of temporary partial and temporary total incapacity (issues 4, 5, 7 and 9) with the finding of the cost of reasonably required medical care resulting from appellant's accidental injury (issues 13 and 14). According to the appellant, the findings are conflicting because the periods of time of disability (May 7 to August 16) do not correspond to the periods of time during which the appellant was being treated and hospitalized (primarily during the following September). We overrule this point for at least two reasons.

First, the jury answers to be in conflict, they must concern the same subject matter. *Rhoades v. Castillo*, 488 S.W.2d 528 (Tex. Civ.App.—Waco 1972, writ ref'd n. r. e.); *Turner v. Victoria County Electric Co-Operative Company*, 428 S.W.2d 484 (Tex.Civ. App.—Waco 1968, no writ). In our case, the answers under complaint relate to periods of disability in one instance and the amount of reasonably required medical expenses caused by injury in the other instance. The answers are, therefore, not in irreconcilable or fatal conflict because they do not concern the same subject matter.

Second, to determine whether there is an apparent conflict in answers, the reviewing court examines the verdict on its face. Here the appellant asks us to look behind the verdict and to examine the evidence and therefrom to determine conflict. There is authority for an appellate court's examining the evidence (together with the pleadings and the charge) *to reconcile* apparent conflicts. *Grabes v. Reinhard Bohle Machine Tools, Inc.*, 381 S.W.2d 395 (Tex.Civ. App.—Corpus Christi 1964, writ ref'd n. r. e.). But appellant has not suggested authority, and we have found none, for our examining the evidence *to establish* conflicts. Appellant's fourth point is overruled.

■ In his final point, the appellant asserts error by the trial court in basing a judgment on the jury's answers to special issues 4, 5, 7 and 9 because those answers are contrary to the greater weight and preponderance of the evidence. As we have heretofore pointed out, those answers relate to the beginning and ending dates of temporary partial incapacity and temporary total incapacity.

As is our duty in the type of point urged here, we have examined all the evidence in the case. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951). In that regard, Dr. Shields testified that he had been appellant's family physician since April 7, 1958; that he examined the appellant on May 8, 1974 (two days after the injury complained of) and treated him several times thereafter

for the May 6 injury; that in his opinion, the appellant had sustained a fracture of the sacral segment (tail bone); that from his examination of the appellant on August 16, 1974, Dr. Shields found that the appellant had recovered from the injury sustained on the job; that on August 16 the appellant did not have any indication of disc injury or anything else.

Dr. Hohf, on the other hand, said that he saw appellant on September 6, 1974, and made tests which were positive; that as a result, he hospitalized the appellant and performed disc surgery on the appellant's spine on September 20; that in his opinion, the injury sustained by the appellant on May 6 was the cause of his disc problems; that the disc problems necessitated the disc surgery.

So what we have is one doctor's opinion that the appellant did not have incapacity after August 16 because of his May 6 injury and another doctor's opinion that the appellant did have incapacity until and after September because of the injury.

That it is within the province of the jury to determine the credibility of the witnesses is fundamental. And in this connection, the jury may accept or reject all or any part of the testimony of any witnesses. *Royal v. Cameron*, 382 S.W.2d 335 (Tex.Civ.App.— Tyler 1964, writ ref'd n. r. e.). The jury, therefore, was entitled to accept Dr. Shields' testimony and thereby find a briefer period of incapacity than the longer period of incapacity the testimony of Dr. Hohf tended to show. Appellant's final point is overruled.

The judgment of the trial court is AFFIRMED.