**TEXAS GENERAL INDEMNITY COMPANY, Relator,**

v.

**Honorable Shearn SMITH, District Judge, Respondent.**

**No. 17915.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Jan. 8, 1981.

Boswell, O'Toole, Davis & Pickering; Mike Phillips, Houston, for relator.

Thomas Thurlow, Houston, for respondent.

Original Mandamus Proceeding

WARREN, Justice.

This original writ of mandamus is brought to compel the trial judge to set aside an order declaring a mistrial and to require him to enter a judgment on the jury's verdict.

The plaintiff in the trial court sued to set aside an award of the Industrial Accident Board. Before the trial on the merits began, the plaintiff and defendant stipulated that the average weekly wage of the plaintiff before the accident was $106.00. The jury was not aware of this stipulation. In answer to special issues, the jury found that: (1) plaintiff received an injury in the course and scope of her employment, (2) the injury was not a producing cause of any total incapacity, (3) the injury was a producing cause of some partial incapacity, (4) the partial incapacity lasted for 3 weeks, and (5) the average weekly earning capacity during her partial incapacity was $106.00.

A dispute arose as to the validity of the verdict because of the jury's finding that plaintiff's earning capacity during her par-

tial incapacity was the same as that amount stipulated to be her average weekly wage before the accident.

■ Partial incapacity was defined in the court's charge as any degree of incapacity less than total incapacity whereby a person suffers a reduction in earning capacity. The claimant argues that since the jury found that she sustained partial incapacity as a result of the accident, the jury's finding that her earning capacity during her partial incapacity was the same as before the accident constitutes an irreconcilable conflict in the verdict. This contention is supported by the holding in *Employers Reinsurance Corporation v. Holland*, 347 S.W.2d 605 (Tex.1961) wherein the Supreme Court of Texas held that a finding of partial incapacity followed by a finding that the earning capacity of the plaintiff during partial incapacity was the same or more than the stipulated average weekly wage of plaintiff before the accident constituted a fatal conflict which could not be reconciled. As the issues and the instructions by the trial court in that case were almost identical to ours, it would appear to be determinative of this issue. However, in our case there were two additional post trial occurrences which distinguish our case from *Employers Reinsurance Corporation v. Holland*, supra.

■ The first, is that after the verdict relator herein tendered the maximum benefits which could have been awarded for the period of partial incapacity found by the jury. Relator contends that the tender would resolve the conflict because the plaintiff would receive as much as she could possibly have received under the other findings made by the jury. We agree. Similar conflicts have been held to have been resolved by such a tender in *Whaley v. Angelina Casualty Company*, 423 S.W.2d 448 (Tex.Civ.App.-Dallas 1968, writ ref'd n. r. e.) and *Mancillac v. Texas Employers Ins. Assn.*, 543 S.W.2d 751 (Tex.Civ.App.-Corpus Christi 1976, writ ref'd n. r. e.).

We are of the opinion that although a conflict existed in the jury's answers to the

issues, the tender by relator of maximum benefits which could have been awarded to plaintiff cured the conflict and therefore judgment should have been entered on the verdict.

Secondly, the order of the trial court in our case "Ordered, Adjudged and Decreed that the Plaintiff's Motion for Mistrial and for New Trial is Granted." Since the plaintiff's motion only prayed for a mistrial based on a conflict in the answer to the issues, and the granting of a new trial under Rule 329b, Tex.R.Civ.Proc., would have been premature, we conclude that the court only declared a mistrial, the effect of which would be to grant another trial. We are not unmindful of our previous opinion denying a writ of mandamus to require the trial judge to withdraw an order granting a mistrial and enter a judgment which the judge could promptly nullify by granting a new trial. *Jones v. Smith*, 470 S.W.2d 305 (Tex.Civ.App.-Houston [1st Dist.] 1971 no writ). However, we are of the opinion that by considering all of the issues in this cause we will more clearly delineate the duty of the trial court in similar cases without depriving the court of its options after it has heard motions for new trial and motions for judgment *non obstante veredicto* and will also more nearly preserve the rights of the parties. For example, if a trial court grants a mistrial under the mistaken belief that it was his or her duty to do so under the law because of an irreconcilable conflict in the findings, the wronged party would, in absence of mandamus, have no remedy because no judgment would be rendered and no appeal would lie. The entry of the judgment would in no way limit the right of the trial court to make such rulings on other posttrial motions which he or she might deem appropriate. Even if the trial court is of the opinion that the case should be retried, but for reasons not properly considered on a motion for mistrial, he or she should enter judgment and grant appropriate relief at such time as the proper motion is heard.

Although we are of the opinion that the findings of the jury should have been reconciled and judgment entered we are confident that the trial court will comply by entering judgment, so the necessary writ of mandamus will not issue unless there is failure to do so.

PEDEN and EVANS, JJ., also sitting.