In The


 

Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-503 CV


____________________



FORGETABOUTIT, INC., Appellant



V.



CHARLES WARNER, CHARLOTTE WARNER and


WARNER'S PEST CONTROL, Appellees






On Appeal from the 411th District Court


Polk County, Texas


Trial Cause No. CIV20,260






MEMORANDUM OPINION


 After purchasing a "satellite operated charge machine" that did not operate in the
geographical area for which it was sold, Charlotte and Charles Warner, doing business as
Warner's Pest Control, sued the seller, Forgetaboutit, Inc. (1) The Warners alleged violations
of the Deceptive Trade Practices Act, fraud, breach of contract, and forgery. Forgetaboutit
appeals the trial court's judgment on the jury verdict. Because the jury's findings are in fatal
conflict, we reverse and remand the case for a new trial. 

 The Warners wanted equipment that would accept credit cards out in the field. 
Forgetaboutit's salesman, Murray Fordree, told them the company had a machine that
"would work anywhere." That representation is the basis for this lawsuit. After the Warners
purchased the equipment, along with accompanying satellite service, they discovered the
machine rarely operated in their business area, and only then with great difficulty. The
Warners tried for almost a year to make the machine work. They contacted Forgetaboutit,
called the telephone numbers given them, and consulted with the technicians -- all to no
avail. A demand letter, suit, trial, jury verdict, judgment, and this appeal followed. Forgetaboutit argues the jury verdict is inconsistent and irreconcilable, and the conflict
is fatal to the entry of the judgment. (2) The breach of contract, fraud and DTPA questions all
relate to the same material fact issue: the assertion that the machine would work anywhere. 
However, the contract liability questions, unlike the fraud and DTPA liability questions, do
not involve "intentional" or "knowing" elements. The jury found the breach of contract
caused damages, yet awarded no contract damages; however, no conflict argument
concerning damages is raised by the parties. The fatal conflict concerns the fraud and
DTPA answers, specifically whether the misrepresentation was made intentionally and
knowingly. (3)

 The Warners argue Forgetaboutit waived any conflict in the jury answers. 
Forgetaboutit did not object to the conflict in the jury answers prior to the discharge of the
jury, as generally must be done to preserve an assertion that findings are inconsistent. 
However, the ultimate question here is "not whether the findings are inconsistent or in
conflict, or even in irreconcilable conflict; rather, the ultimate question is whether the conflict
in the findings is fatal to the entry of judgment[.]" Bay Petroleum Corp. v. Crumpler, 372
S.W.2d 318, 319 (Tex. 1963); see also Bradford v. Arhelger, 340 S.W.2d 772, 773-74 (Tex.
1960). Because, as explained herein, the jury answers are in fatal conflict and will not
support a judgment based on fraud, the postjudgment motion calling the fatal conflict to the
trial court's attention was sufficient to preserve the error. 

 The threshold issue in this analysis is whether the jury findings are about the same
material fact, and in this case they are. See Bender v. Southern Pac. Transp. Co., 600 S.W.2d
257, 260 (Tex. 1980) (citing Pearson v. Doherty, 143 Tex. 64, 183 S.W.2d 453, 455 (1944)). 
Generally, if one jury finding considered alone would result in a judgment for one party, yet
the conflicting finding considered alone would result in a judgment for the opposing party,
the findings cannot support a judgment. Coastal Chem. Inc. v. Brown, 35 S.W.3d 90, 99
(Tex. App.--Houston [14th Dist.] 2000, pet. denied); Transmission Exch. Inc. v. Long, 821
S.W.2d 265, 274 (Tex. App.--Houston [1st Dist.] 1991, writ denied). 

 The jury found the representation that the machine would work anywhere was made
fraudulently. However, according to the jury's verdict on the DTPA claim, the same
representation was not made intentionally or knowingly. The jury charge defined
"intentionally," for DTPA purposes, as "actual awareness of the falsity, deception, or
unfairness of the conduct in question, coupled with the specific intent that the consumer act
in detrimental reliance on the falsity or deception." "Knowingly" was defined, for DTPA
purposes, as "actual awareness at the time of the conduct, of the falsity, deception, or
unfairness of the conduct in question." The fraud question, as presented to the jury, had two
possible scienter elements: the representation was made with knowledge of falsity, or the
representation was recklessly made without any knowledge of the truth and as a positive
assertion. Under the "reckless" standard, the speaker must have known he did not have
sufficient information or basis to make the statement, but made it anyway as a positive
assertion and with the intent it be relied upon. Johnson & Higgins of Texas, Inc. v. Kenneco
Energy, Inc., 962 S.W.2d 507, 527 (Tex. 1998); T.O. Stanley Boot Co. v. Bank of El Paso,
847 S.W.2d 218, 222 (Tex. 1992). 

 We fail to see how the misrepresentation here could have been made fraudulently and
yet unintentionally and unknowingly. The jury's findings are in fatal conflict and cannot
support a judgment based on fraud. Generally, findings that are in fatal conflict destroy each
other and leave no findings on the issues involved, at least to the extent of the conflict. 
Fidelity & Cas. Co. of New York v. McLaughlin, 134 Tex. 613, 135 S.W.2d 955, 958 (1940). 
The Warners waived their DTPA claim at the JNOV hearing. That waiver did not make the
conflict in factfinding by the jury immaterial. The jury findings are contradictory on a
controlling fact issue concerning fraud, and the conflict substantially destroys the jury's
verdict on which the judgment awarding damages for fraud is based. See McGaha v.
Dishman, 629 S.W.2d 220, 221-22 (Tex. App.--Tyler 1982, writ ref'd n.r.e.).. 

 Forgetaboutit argues the jury's "yes" answer to question 3 (the question on DTPA
violations) should be disregarded because the Warners, d/b/a Warner's Pest Control, failed
to prove their eligibility as a "business consumer." In effect, Forgetaboutit challenges the
Warners' standing to sue. Tex. Bus. & Com. Code Ann. § 17.45(4) (Vernon 2002). 
However, Forgetaboutit, not the Warners, had the burden to plead and prove the applicability
of the section 17.45(4) exception as an affirmative defense. See id.; Eckman v. Centennial
Sav. Bank, 784 S.W.2d 672, 674-75 (Tex. 1990). Regardless, the judgment signed by the
trial court was not based on any DTPA violations. We are reversing and remanding the case
for a new trial because of the fatal conflict in the jury answers. The applicability of the
exception can be addressed on remand if necessary. 

 Forgetaboutit maintains Charlotte Warner is an "improper party plaintiff," because
the unincorporated business is Charles Warner's separate property and consequently
Charlotte has no standing to sue. To the extent Forgetaboutit complains of lack of standing,
that issue may be raised at any time, because without standing a court lacks subject matter
jurisdiction to hear the case. Austin Nursing Ctr, Inc. v. Lovato, 171 S.W.3d 845, 849 (Tex.
2005). In analyzing issues of standing, we focus on whether a party has a sufficient
relationship with the lawsuit so as to have a "justiciable interest" in the outcome. Id., at 848-49 (citing 6A Charles Alan Wright Et Al., Federal Practice and Procedure: Civil
2d § 1559, at 441 (2d ed.1990)). When a plaintiff is personally aggrieved, she has standing. 
Lovato, 171 S.W.3d at 848. The standing doctrine requires that there be a "real controversy
between the parties" which "will be actually determined by the judicial declaration sought." 
Id. at 849 (quoting Nootsie, Ltd. v. Williamson County Appraisal Dist., 925 S.W.2d 659, 662
(Tex. 1996)). Income from the business during the marriage would be community property. 
See McClary v. Thompson, 65 S.W.3d 829, 834 (Tex. App.--Fort Worth 2002, pet. denied).
Based on her interest in any community property, Charlotte has a justiciable interest in the
controversy sufficient to confer standing to sue along with her husband. On this record, we
overrule this issue. 

 In a cross point, the Warners maintain the trial court erred by striking the exemplary
damages awarded by the jury. (4) We have set aside the jury verdict in its entirety due to a fatal
conflict in the jury's findings. Appellees' cross point is therefore overruled. 

 We need not reach the other issues presented as they would afford no greater relief. 
We reverse the trial court's judgment and remand the case to the trial court for further
proceedings consistent with this opinion. 

 REVERSED AND REMANDED. 

 _________________________________

 DAVID GAULTNEY

 Justice


Submitted on November 17, 2005

Opinion Delivered December 1, 2005


Before McKeithen, CJ, Gaultney & Kreger, JJ

1. The Warners' petition stated Forgetaboutit, Inc. was doing business as "Integrity
of Texas" and "Merchant Services of Texas."
2. Appellant also states the evidence is legally insufficient to support the verdict, but
offers no argument, authority, or references to the record to support its assertion. We
therefore do not address the legal insufficiency claim. See Tex. R. App. P. 38.1(h).
3. The forgery questions, which asked about the forgery of Charles Warner's signature
on the satellite license agreement, do not relate to the same material fact as do the fraud,
DTPA, and breach of contract questions, and are not in conflict with them. However,
without the underlying fraud finding, we fail to see how the claimed forgery could support
the damages award. 

 
4. We note exemplary damages may be awarded only if the claimant proves by clear
and convincing evidence that the "harm with respect to which the claimant seeks recovery
of exemplary damages results from fraud . . ," and the exemplary damages question here did
not contain the "clear and convincing" burden of proof required by statute. Tex. Civ. Prac.
& Rem. Code Ann. 41.003(a)(1),(b) (Vernon Supp. 2005).