Maudie **THORN**, Appellant,

v.

**STANFORD SANITORIUM et al.,**
Appellees.

No. 15164.

Court of Civil Appeals of Texas. Dallas.

Jan. 11, 1957.

O'Connor & Douglass, Dallas, for appellant.

Biggers, Baker, Lloyd & Carver, and Joe W. Matthews, Dallas, for appellees.

YOUNG, Justice.

This is a suit for damages by Maudie Thorn against J. P. Moorhead and wife Frances Moorhead, conducting a business known as Stanford Sanitorium, for injuries allegedly sustained while an employee of defendants. On trial to a jury and verdict on special issues, plaintiff recovered judgment in amount of $75 *on motion of defendants;* appellant on the other hand complaining that the court should have declared a mistrial because of irreconcilable conflict between jury answer to issue No. 1 and further answers to issues 2, 3, 4, 5 and 6. A transcript of the pleading, jury findings, the court's charge and judgment rendered, constitute the record on appeal.

Basis of plaintiff's action against defendants was their failure to furnish her a reasonably safe place in which to work, in that a defectively equipped window and sash was thereby caused to fall upon her left arm, with resulting injury; also alleging further injuries to the second and third fingers of left hand. In a prior original petition plaintiff had alleged that the injury so sustained was to her right arm.

In summary, aforesaid jury issues and answers were as follows: (1) That on the occasion in question plaintiff Maudie Thorn *did not* suffer an injury to her left arm; (2) that such injury "if any you have found" was sustained by plaintiff while she was performing the duties of her employment with defendants Moorhead; (3) that defendants at the time failed to furnish plaintiff with a safe means of raising and lowering said window; (4) that such failure was negligence and (5) a proximate cause of the injuries sustained by plaintiff; (6) that plaintiff failed to use ordinary care in the manner in which she had operated the window; (7) but that such failure was not the sole proximate cause of injury to her; (9) plaintiff's injuries were not the result of an unavoidable accident; and (10) that reasonable compensation to plaintiff for past and future pain and suffering resulting directly and proximately from the injuries received on said occasion was in amount of $75. No claim is made of inadequacy of the jury award.

Appellant's only point of error suggests an irreconcilable conflict of jury answers, in that issue 1 finds no injury to her left arm; while their answers to issues 2, 5, 7, 9 and 10 are to effect that injury *was* sustained by her at the time. Otherwise stated, that had issue 1 been answered in the affirmative or consistent with remaining issues she would have been entitled to a judgment for $75 and costs. However, defendants by their motion for judgment in favor of plaintiff have waived the inconsistency of jury answers, acquiescing in a plaintiff's judgment for the same amount ($75 and costs). In such state of the record we fail to see wherein plaintiff is in a position to complain on this appeal. A situation closely analogous was presented in Van Deventer v. Gulf Production Co., Tex.Civ.App., 41 S.W.2d 1029, 1034 (writ ref.), where defendant by motion waived the advantage gained by a like conflict of jury answers and consented for the court to enter a judgment for plaintiff "irrespective and regardless of the findings of the jury." Said the Beaumont Court: "The effect of this waiver was to confess, by appellee, a breach of the covenants of the lease sufficient to void it and to admit and confess that judgment might be entered on the verdict as if the jury had answered 'no' to question No. 9, instead of 'yes.' On this construction of the waiver and of the verdict judgment was entered in appellants' favor canceling the lease and awarding Mrs. Van Deventer and Mrs. Mahavier damages for drainage through Antoine Well No. 1, that is, from all their

**864**

land except 'the wedge.' It follows that the conflict between questions Nos. 6 and 9 was thus made immaterial."

These further cases involve comparable fact situations and demonstrate that the instant conflict of jury findings is not irreconcilable, the trial court correctly overruling plaintiff's motion for a new trial: Erwin v. Welborn, Tex.Civ.App., 207 S.W.2d 124; Jordan v. Collier, Tex.Civ.App., 223 S.W.2d 544.

The judgment under review is accordingly affirmed.