**Mattie MALONE et vir, Appellants,**

v.

**PIONEER BUS CO. et al., Appellees.**

**No. 3557.**

Court of Civil Appeals of Texas.

Waco.

July 17, 1958.

Rehearing Denied Aug. 14, 1958.

Musick, Musick & Heath, Houston, for appellants.

Baker, Botts, Andrews & Shepherd, Houston, for appellee.

McDONALD, Chief Justice.

This is a suit for personal injuries. Parties will be referred to as in the Trial Court. Plaintiff Mattie Malone, joined by her husband, filed suit for damages for personal injuries she alleged she received while a passenger on a bus owned by defendant Bus Company and operated by defendant Ripper. Trial was to a jury. While the charge was being prepared plaintiff offered an amending pleading, and requested negligence issues framed in terms of high degree of care. The Trial Court refused to permit filing of the trial amendment, and refused to submit to the jury plaintiff's tendered issues. The jury answered the liability issues against plaintiff, but found that her damages had been $1100. The Trial Court entered judgment on the verdict that plaintiff take nothing. Thereafter plaintiff filed Motion for New Trial on the ground that the Trial Court erred in not permitting her to file her amended pleadings, and in not submitting to the jury her tendered liability issues framed in terms of high degree of care. The Trial Court, after hearing, entered an order setting aside the judgment that plaintiff take nothing, and in all other respects overruling the Motion for New Trial. Thereafter the defendants moved the Trial Court not to consider the liability issues or the answers thereto and to enter judgment for plaintiff for $1,100, the amount the jury had found her damages to be. The Trial Court, after hearing, granted such motion and entered judgment for plaintiffs for $1100.

Plaintiffs appeal, contending that the Trial Court erred: (1) In not permitting plaintiff to file her tendered trial amendment; (2) In not submitting to the jury her proffered jury issues.

Plaintiffs have not brought forward a Statement of Facts. The burden is upon plaintiffs to bring up the entire record. In the absence of a Statement of Facts, every reasonable presumption must be indulged in favor of the ruling below, and a reversal will not be ordered unless it appears that upon no possible state of the case could the ruling be upheld. 3-A Tex.Jur. p. 486 et seq.; Baker v. Rutherford, Tex.Civ.App., 293 S.W.2d 669, Er.Ref. NRE. In the absence of a Statement of Facts, we are unable to ascertain whether the court erred or not in the particulars charged, and under the foregoing authorities must resolve all doubt in favor of the Trial Court's judgment.

Further to the foregoing, however, we note that plaintiff had her day in court and the jury found that $1,100 would compensate her for the injuries which she sustained. The complaints made of the Trial Court are that it refused to permit filing of amended pleadings setting up the *high* degree of care owed plaintiff by defendant; and refused to submit issues to the jury predicated upon such high degree of care (rather than on the issues submitted predicated upon ordinary care). As noted, while the jury's findings on the liability issues submitted were against the plaintiff, the jury found the extent of the damages and injuries sustained by her to be $1,100. The defendants moved the court to disregard the liability issues and to enter judgment for plaintiff for the $1,100, the full amount the jury found her damages to be. In such a situation we fail to see wherein plaintiff is in a position to complain on this appeal. The plaintiffs do not contend that the jury's finding is inadequate. The plaintiff has been awarded the full amount of her damages, and cannot complain of error in the trial, in no

manner related to the damage issue. The following cases are directly in point: Thorn v. Stanford Sanitorium, Tex.Civ.App., 297 S.W.2d 862 (no writ history); Van Deventer v. Gulf Production Co., Tex.Civ.App., 41 S.W.2d 1029, writ ref.; Erwin v. Welborn, Tex.Civ.App., 207 S.W.2d 124; Jordan v. Collier, Tex.Civ.App., 223 S.W.2d 544.

It follows that the judgment of the Trial Court is affirmed.

(HALE, J., not participating).