Henry EUBANKS et ux., Appellants,

v.

W. H. WINN, Appellee.

No. 4580.

Court of Civil Appeals of Texas.

Waco.

Jan. 19, 1967.

Rehearing Denied Feb. 9, 1967.

John H. Holloway, Houston, for appellants.

Fulbright, Crooker, Freeman, Bates & Jaworski, L. S. Carsey, Houston, for appellee.

## OPINION

WILSON, Justice.

Plaintiffs appeal from judgment in an automobile rear-end collision case. The jury answered all liability issues against plaintiffs, but found damages resulting from the collision.

Plaintiffs filed a motion to disregard the jury findings and declare a mistrial, and alternatively, to disregard the liability findings and render judgment for damages found and stipulated. These motions were overruled, and judgment was rendered on the verdict for defendant. Plaintiffs thereupon filed a motion for new trial attacking the jury findings.

Thereafter the judgment now appealed from was rendered. Reciting, "It appearing to the court" that the motion for new trial "should be granted on the grounds" relating to liability findings only, and overruled as to all other grounds alleged in the motion for new trial, this order vacated the former judgment, and overruled the motion for new trial "in all other respects". The judgment then recited that on the date of the hearing on the motion for new trial defendant, after the court "had made known its intention to sustain plaintiffs' amended motion for new trial on certain grounds," filed a written motion to set aside the original take-nothing judgment, waiving favorable liability findings, and consenting to judgment for the amount of damages found by the jury. Treating the motion as an admission of liability and confession of judgment as if all liability issues had been answered in plaintiffs' favor, the court rendered judgment for plaintiffs in the amount found by the jury, plus stipulated damages.

Plaintiffs assert it was error to grant a new trial and award damages by the same judgment, contending the setting side of a part of the verdict constituted granting a new trial on all issues, including that as to damages.

The judgment, when properly construed, is not one granting a new trial; it merely relates that after the court indicated the intended action concerning the motion for new trial, effect was given to defendant's admission of liability and waiver of favorable jury findings thereon. After vacating the previous judgment the court decreed that plaintiffs' motion for new trial was overruled, and judgment was rendered for damages. It is unnecessary for us to consider the effect of plaintiffs' alternative motion invoking the identical action which was taken by the court. The procedure was

not subject to the objection presented. Malone v. Pioneer Bus Co., Tex.Civ.App., 315 S.W.2d 311, 313, writ ref., n.r.e. See Fidelity & Casualty Co. of New York v. McLaughlin, 134 Tex. 613, 135 S.W.2d 955, 958; Thorn v. Stanford Sanitorium, Tex. Civ.App., 297 S.W.2d 862, 863. Beal v. Great American Indemnity Company, Tex. Civ.App., 322 S.W.2d 399, no writ, cited by appellants does not support their position.

We have considered appellants' points that the damages found are inadequate. Although the evidence would have supported a larger recovery, in view of the testimony as to the nature of the complaints for which the injured person was treated, the cause of pain and the treatment for which medical charges were made, we are unable to say that the verdict is not supported by adequate evidence. Appellants' points have been considered, and are overruled.

Affirmed.