**Henry EUBANKS et ux., Petitioners,**

**v.**

**W. H. WINN, Respondent.**

**No. B-150.**

Supreme Court of Texas.

Nov. 15, 1967.

John H. Holloway, Houston, for petitioners.

Fulbright, Crooker, Freeman, Bates & Jaworski, L. S. Carsey, Houston, for respondent.

GREENHILL, Justice.

In this damage suit growing out of a two-car collision, the jury answered all the liability issues in favor of the defendant, W. H. Winn, and found that the plaintiffs, Mr. and Mrs. Henry Eubanks, had been damaged in a sum considered by them to be grossly inadequate. The jury's answers totaled $1,600 for plaintiffs' pain and suffering, medical expenses, loss of earnings, and inability to perform household duties. As will be developed below, a judgment was ultimately entered for the plaintiffs for the amount found by the jury plus the stipulated property damages. The plaintiffs were dissatisfied and appealed. The Court of Civil Appeals affirmed. 411 S.W.2d 60. The plaintiffs Eubanks are petitioners here. We shall refer to the parties as they were in the trial court.

The jury found that the defendant was not negligent in any respect. Following the jury's verdict, several moves and counter-moves were made. Upon the court's receipt of the verdict, the plaintiffs moved to disregard the answers of the jury favorable to defendant, and that having done so, they moved the court to declare a mistrial. In the alternative, they moved to disregard such findings and for a judgment based on the jury's answers to the damage issues. On April 18, the court entered a judgment overruling these motions and decreeing that plaintiffs take nothing.

The plaintiffs filed an original and an amended motion for new trial. The amended motion contended that there was both no evidence and insufficient evidence to support the jury's answers to the issues absolving the defendant of negligence as to lookout, speed and brakes. It also had assignments, among other things, based on defendant's jury argument, jury misconduct, and as to alleged grossly inadequate damages. The *prayer* of the amended motion for new trial was that "the judgment heretofore entered, and the verdict of the jury, be in all things set aside, and *that plaintiffs be granted a new trial upon all issues herein*" and for general relief. [Emphasis ours.] It will be noted that the prayer was not for judgment for $1600 or any other sum upon disregarding the answers to the liability issues.

Thereafter the *defendant* made a motion to set aside the judgment entered in *his* favor, and he moved that judgment be rendered in *plaintiffs'* favor for the amount of damage found by the jury. In it he waives the jury findings favorable to him on the liability issues and "moves the Court not to consider the answers of the jury.

to the liability issues." It will be noted in the "order and final judgment" set out below, the court granted this motion of the defendant. The parties are at odds as to the legal effect of the order. Ultimately, it set aside the take-nothing judgment of April 18 and entered judgment for plaintiffs. The plaintiffs contend that it granted a motion for new trial and then entered a new judgment. The defendant disagrees. The order reads:

"ORDER AND FINAL JUDGMENT

"BE IT REMEMBERED that on the 30th day of May, 1966 came on to be heard plaintiffs' amended motion for new trial and matters related thereto, and came the plaintiffs by and through their attorney of record and came the defendant by and through his attorneys of record and full hearing thereon was had in open court, *and it appearing to the court that the said motion should be granted* on the grounds assigned in paragraphs I, II, and III of plaintiffs' amended motion for new trial, relating to the jury's answers to Special Issues No. 1, 3 and 5 concerning the liability of defendant, only and overruled as to all other grounds alleged therein, it was therefore ORDERED, ADJUDGED and DECREED by the court that the judgment heretofore entered on April 18, 1966 should be and is hereby cancelled, vacated and set aside. Plaintiffs' amended motion for new trial is in all other respects overruled.

"Further be it remembered that on the said 30th day of May, 1966 came defendant, William H. Winn, by and through his attorneys of record, *and after the court had made known its intention to sustain plaintiffs' amended motion for new trial on certain grounds* as set out above but before the court had made any docket entry or entered any written order the defendant filed a written motion to set aside the judgment previously rendered on April 18, 1966 that plaintiffs take nothing and in writing waived the advantage gained by the 'we

do not' answers of the jury to Special Issues Nos. 1, 3 and 5 and consented to and moved the court to enter a judgment for plaintiffs for the amount of damages found by the jury in answer to Special Issues Nos. 7, 8 and 9 and for costs of court, irrespective and regardless of the other findings of the jury, and the court being of the opinion that said waiver and motion had the effect of admitting liability and confessing judgment herein for the purposes of this hearing only, and the same as if the jury had answered 'we do' to Special Issues Nos. 1, 2, 3, 4, 5, and 6 instead of 'we do not,' and being further of the opinion that said motion of defendant should be in all things granted.

"It is accordingly, ORDERED, ADJUDGED and DECREED by the court that the said motion of defendant referred to in the preceding paragraph be and the same is hereby in all things granted; that plaintiffs, Henry Eubanks and wife, Ila Ruth Eubanks, do have and recover of and from defendant William H. Winn, the sum of * * *." [The order entered judgment for the amount of damages found by the jury plus the stipulated property damages and taxed court costs against defendant.] [The emphasis above is ours.]

Because of the alleged gross inadequacy of the award, plaintiffs strenuously objected to this order granting them judgment. They have maintained their objections on appeal. In affirming the judgment, the Court of Civil Appeals at Waco held that the court's order did not grant a new trial, but merely indicated that the trial judge set aside the previous judgment, then gave effect to defendant's motion waiving favorable jury findings and granted judgment for plaintiffs. The court further held that the damages were not inadequate, and that the trial court did not err in rendering judgment for plaintiff under these circumstances, despite the jury verdict favoring defendant.

The order and judgment set out above is unique and difficult to interpret. The judgment recites that it was the trial court's opinion that plaintiffs' motion for new trial *should* be granted on certain grounds; and it is capable of the construction that the motion was granted in part but overruled in part. Then the judgment proceeds to grant defendant's motion and to set aside the previous judgment. It set aside the jury's answers to the liability issues. Then based on the defendant's waiver of the answers in his favor, the court enters judgment for plaintiffs on the damage issues. Such an order is foreign to our practice and cannot stand.

■ The issues of liability and of damages in cases such as these are elements of an indivisible cause of action and may not be tried piecemeal. Waples-Platter Co. v. Commercial Standard Ins. Co., 156 Tex. 234, 294 S.W.2d 375 (1956). The problem was reviewed at length in Iley v. Hughes, 158 Tex. 362, 311 S.W.2d 648, 85 A.L.R.2d 1 (1958); and the Court wrote that contested issues of liability and damages were to be tried together. The logic of that opinion is that damages in cases such as these should be fixed by the same jury which decides the issues of liability.

■ The holdings in the *Waples-Platter Co.* and *Iley* cases would preclude a trial court from granting a motion for new trial on either the issue of liability or damages alone. We are not here dealing with other severable issues. If a new trial is to be granted in a case such as this, it must be a complete new trial, even though the motion for new trial was granted on points relating solely to liability and not to damages, or vice versa. In this case, the trial court stated in his judgment that he had made known his intention to grant plaintiffs' motion for new trial at least in part, and his order stated that this motion *should* be granted on certain grounds. If the plaintiffs were entitled to a new trial, they should not be compelled to accept the damages findings of the jury in the first trial.

■ Under this rationale, it is immaterial that judgment was entered for plaintiffs on the basis of defendant's confession of liability. The legal effect of the order was to sever the issue of damages from the contested issues of liability, which were found by the trial court to be subject to such question as to be grounds for the granting of a new trial to the plaintiffs. While a party against whom a cause of action is asserted can confess his liability and proceed to trial on the issue of damages alone, such a confession of liability cannot be made over the objections of the plaintiffs after the jury verdict in order to prevent the granting of a new trial. Such confession of liability came too late.

■ Nor was the judgment correctly entered under Rule 301, Texas Rules of Civil Procedure. That rule provides that upon motion and notice given, judgment may be entered notwithstanding the verdict or upon disregarding one or more special findings. A judgment notwithstanding the verdict is authorized under Rule 301 only when a directed verdict would have been proper; and special issue findings may be disregarded which are immaterial or have no support in the evidence. It clearly appears that an instructed verdict would not have been proper in this case; and there is evidence to support the answers to the material liability issues which were disregarded.

■ The cases cited by the Court of Civil Appeals do not support the proposition that a "waiver of all favorable jury findings" or a confession of liability after the verdict is a sufficient basis upon which to enter judgment contrary to the jury verdict. The cases cited in the opinion of the Court of Civil Appeals are those in which a party waived a particular favorable finding in order to resolve a conflict in jury answers, such as Fidelity & Casualty Co. of New York v. McLaughlin, 134 Tex. 613, 135 S.W.2d 955 (1940). They are not controlling here. In those cases the judgments were not rendered contrary to the

jury verdict, but were based on that part of the verdict which was not destroyed by the conflicting answers. The other case cited, Malone v. Pioneer Bus Co., 315 S.W. 2d 311 (Tex.Civ.App.–Waco 1958, writ ref'd n.r.e.) is hereby disapproved to the extent that its holding conflicts with the holding in the instant case.

We do not consider that the plaintiffs invited the error here. In their motion for judgment, they did have an alternative motion for judgment based upon the disregarding of the answers to the liability issues. This motion was overruled and a take-nothing judgment entered. The amended motion for new trial did contain points of no evidence and insufficient evidence to support the liability issues. These were a necessary predicate for an appeal on these phases of the case. But the prayer was for a new trial on *"all* issues made herein." There was no prayer for judgment by disregarding the liability issues. This did not invite the error, nor do we consider that it was plaintiffs' prayer for general relief which invited error. It was the motion of the defendant "not to consider" the answers to the liability issues which was sustained in the court's "final judgment."

We conclude that there is no authority under the Rules of Civil Procedure to support the action of the trial court in giving effect to defendant's confession of liability after the jury's verdict and entering judgment contrary to the jury verdict over plaintiffs' objections. The judgments of the trial court and the Court of Civil Appeals are reversed; and the cause is remanded to the district court for further proceedings not inconsistent with this opinion.

## DISSENTING OPINION

HAMILTON, Justice.

I respectfully dissent.

On the state of the record in this case I think the trial court entered a correct judgment, and I would affirm the judgment of the Court of Civil Appeals. In the first place, I know of no sound reason why a Defendant cannot confess liability at any time before final judgment. Second, I cannot agree that the granting of the judgment notwithstanding certain jury findings has the legal effect of severing the issues of damages from the issues of liability so as to make applicable this Court's holdings in the cases of Waples-Platter Co. v. Commercial Standard Ins. Co., 156 Tex. 234, 294 S.W.2d 375 (1956); and Iley v. Hughes, 158 Tex. 362, 311 S.W.2d 648, 85 A.L.R.2d 1 (1958). Such a judgment may be wrong because there is evidence to support the disregarded jury findings, but it should not be wrong because the judgment has the legal effect of severing the liability issues from the damage issues.

I agree with the Court that if the Respondent's admission of liability is ignored there is evidence to support the jury findings on liability, but I do say that the Petitioners have never in the trial court, the Court of Civil Appeals, or in this Court attacked the judgment on that ground. In fact, Petitioners have at all times contended that there was no evidence to support the findings of the jury on the liability issues. Petitioners in their brief before the Court of Civil Appeals, in its argument under a jury misconduct point makes this statement:

"The jury returns a verdict on liability contrary to all the evidence, and even contrary to the judicial admissions of appellee that he could not avoid the collision although he had applied his brakes for possibly 90 feet, and he admitted that the speed he was traveling prevented him from avoiding the collision."

Whatever may be said about the judgment entered by the court, it was the identical judgment requested by both parties at one time or another, and if ever a trial court could be safe in entering a judgment it should have been in this situation. After the verdict came in and before judgment,

Petitioners filed a motion to disregard the findings on the liability of the Defendant (Issues 1, 3 and 5), and having done so, to declare a mistrial, and in the alternative to enter judgment for the Petitioners in the amount of damages found by the jury, plus the amount of property damages as stipulated by the parties.

As a basis for this alternative request they stated in their motion that each of the liability Issues 1, 3 and 5, should be disregarded "when considered as a whole for the undisputed facts of this case, reflects as a matter of law that the Defendant was guilty of one or more of such facts of negligence, and that same was the proximate cause of the collision." This motion of the Petitioners was overruled by the trial court and judgment was entered on the verdict for the Defendant.

Petitioners amended motion for new trial states in regard to Issue No. I:

"The Court erred in refusing to disregard the negative finding of the jury to Issue No. 1, and in denying plaintiff a judgment based thereon, for each of the following separately assigned reasons":

" * * * " (Here follows a statement of facts supporting such contention.)

In regard to Issue Number V the motion states:

"The Court erred in failing to disregard the finding of the jury to Issue No. 5, and in denying recovery of damages based thereon, for each of the following separately assigned reasons":

" * * * " (Here follows a statement of facts supporting such contention.)

It thus appears that Petitioners at all times, up until the very time the judgment was entered for them, were maintaining that they were entitled to judgment for the damages found by the jury, plus those, as stipulated. Here the Petitioners sought two inconsistent methods of relief and the Respondent requested that one of them be granted. The trial judge granted that relief on which both concurred. Therefore, Petitioner may not complain of the denial of the other, for if there was any error in granting the judgment entered, it was invited error. Harris v. Christianson-Keithley Co., 303 S.W.2d 422, 427–428 (Tex.Civ. App.1957, error ref'd n.r.e.).

I would affirm the judgments of the Court of Civil Appeals and of the trial court.