CENTRAL SURETY & INSURANCE CORPORATION, Petitioner,

v.

John L. ANDERSON et ux., Respondents.

No. B-1517.

Supreme Court of Texas.

Oct. 1, 1969.

Shannon, Gracey, Ratliff & Miller, Robert D. Wilkes, Fort Worth, for petitioner.

Garrett, Garrett & Callaway, Fort Worth, for respondents.

PER CURIAM.

John L. and Sarah Virginia Covert Anderson were sued for damages by Dr. James C. Anderson, as next friend for his minor daughter, Sarah Katherine. The damages sought were for a tort allegedly committed against the minor by her grandmother, Sarah Virginia Covert Anderson, in the home of the grandparents. That suit is still pending.

This suit was instituted by the grandparents-defendants in the pending damage suit. They seek a declaratory judgment that the defendant in this suit, Central Surety & Insurance Corporation, issuer of an Owners' Landlords' and Tenants' Liability Policy covering the premises where the injuries occurred, is obligated by its policy to defend the suit against them and to pay any judgment which may be rendered against them on account of the injuries to the child. The trial court rendered judgment as sought, and the court of civil appeals affirmed. 439 S.W.2d 372.

Central Surety & Insurance Corporation applied for writ of error and, on original consideration on July 2, 1969, we refused the application, no reversible error. We now grant Central Surety's motion for rehearing, set aside our order of July 2, 1969, and, finding the decision of the court of civil appeals to be in part in conflict with our opinion in Firemen's Insurance Company of Newark, New Jersey v. Burch, Tex., 442 S.W.2d 331 (1968), we reverse the judgment of the court of civil appeals and remand the case to that court for further proceedings consistent with this opinion.

In *Burch*, we held that a declaration in an action of this kind that the insurer would be obligated to pay a judgment *if* one should be rendered against the defendant in the tort suit is an advisory opinion and, as such, is prohibited by the Constitution. We also held that the rendition by a trial court of a judgment of that type is fundamental error which should be raised and corrected by an appellate court on its own motion. In its opinion in this case, the court of civil appeals indicated an awareness of our primary holding in *Burch*, but, because Central Surety did not attack the trial court's declaration of liability as being premature, declined to disturb the judgment.

In this court, Central Surety insists that the part of the judgment which declares that it will be obligated to pay any judgment rendered against the Andersons is an advisory opinion, is fundamental error, and is in clear conflict with our opinion in *Burch*. We agree. Under these circumstances, we are authorized by Rule 483, Texas Rules of Civil Procedure, to reverse the judgment of the court of civil appeals without granting the writ and hearing the case, "making, at the same time, such further orders as may be appropriate."

Accordingly, we reverse the judgment of the court of civil appeals and remand the cause to that court with directions to set aside its former judgment and to modify the trial court's judgment by deleting therefrom the following: " * * * that Defendant owes to Plaintiffs the obligation to pay any judgment arising out of the said accident, injuries, or damages sustained, as a result thereof. * * * "; and to affirm the judgment as thus modified.