**Gordon E. HALL, II, Appellant,**

**v.**

***Dennis M. HUDSON, Appellee.***

**No. 7406.**

Court of Civil Appeals of Texas, Beaumont.

Nov. 9, 1972.

Lang, Cross, Ladon, Boldrick & Green, San Antonio, for appellant.

Southers, Mendelsohn, Goldberg & Lyons, San Antonio, for appellee.

STEPHENSON, Justice.

This is an action for damages arising out of an automobile collision. Trial was by jury and judgment was rendered for plaintiff, disregarding findings of contributory negligence and proximate cause. The parties will be referred to here as they were in the trial court.

This was a rear-end collision in which defendant, Gordon E. Hall, II, was driving the lead car and plaintiff, Dennis M. Hudson, was driving the following car. The collision occurred on a four-lane, divided, limited access highway just outside the City of San Antonio at about 2:10 a. m.

The jury found that the taillights on the rear of defendant's automobile were not illuminated, that defendant stopped his car on the paved part of the highway, and that each of these acts or omissions was negligence and a proximate cause of the collision. The jury also found that plaintiff failed to keep a proper lookout which was a proximate cause of the collision. Plaintiff's motion to disregard these last two issues was granted.

■ Defendant's only two points of error are that the trial court erred in disregarding those two jury findings because there was evidence to support them. These are no evidence points under Rule 301. The trial court could disregard these jury findings only if they had no support in the evidence. In passing upon whether there is evidence to support those issues, we consider only the evidence favorable to the jury findings. Biggers v. Continental Bus System, 157 Tex. 351, 303 S.W.2d 359, 363 (Tex.1957); C. & R. Transport, Inc. v. Campbell, 406 S.W.2d 191, 193 (Tex. 1966).

Defendant testified that he missed his exit because of the foggy conditions, but that he was proceeding down the highway slowly and with his headlights and taillights illuminated when he was struck from the rear. This court may not consider the jury findings that defendant was stopped and had no lights on in passing upon the questions before us. C. & R. Transport, Inc. v. Campbell, supra. As stated above, we must look only to the favorable evidence.

■ Plaintiff testified he was driving approximately fifty miles per hour following a white car upon which he was gradually gaining. When he was within six or seven car lengths of the white car, it swerved into the left lane and plaintiff first saw defendant's car. There were no skid marks leading up to the point of impact.

From the testimony, the jury could reasonably have inferred that a reasonably prudent person, exercising ordinary care for his own safety and the safety of others, using the highway under the existing foggy conditions would have kept such a lookout ahead so that he could have applied his brakes and swerved to the left in time to avoid the collision. From the same circumstances, the jury could reasonably have inferred that such failure was both foreseeable and a cause, in fact, of this collision. The points of error are sustained.

Plaintiff has no cross-points of error so this court cannot consider whether this case should be remanded. The judgment is reversed and rendered that plaintiff take nothing. Jackson v. Ewton, 411 S.W.2d 715 (Tex.1967).

Reversed and rendered.