**Patsy Cook HARRIS, Appellant,**

**v.**

**James M. HOLBERT et al., Appellees.**

**No. 4752.**

Court of Civil Appeals of Texas, Eastland.

Dec. 13, 1974.

Rehearing Denied Jan. 10, 1975.

Gordon H. Rowe, Jr., Gardere, Porter & DeHay, Dallas, for appellant.

Warren E. Zimmerman, Zimmerman, Minick & Sullivan, Dallas, for appellees.

McCLOUD, Chief Justice.

Plaintiffs, James M. Holbert and wife, Mary Jane Holbert, sued defendant, Patsy Cook Harris, for damages sustained when an automobile driven by Mary Jane Holbert struck the rear of defendant's parked vehicle. The jury found that defendant parked her automobile in a main lane of traffic on the Northwest Highway, but such act was not negligent. The jury did find, however, in answer to a series of special issues that defendant was negligent in failing to remain near her automobile and direct traffic around the vehicle; in abandoning her automobile without raising the hood, opening the trunk or turning on lights; and, in failing to warn approaching motorists of her parked vehicle. The jury further found that such negligent acts proximately caused the occurrence in question. The jury also found in Special Issues 16 and 17 that plaintiff, Mary Jane Holbert, failed to keep a proper lookout and such failure was a proximate cause of the occurrence. In Special Issues 22, 23 and 24, the jury found Mary Jane Holbert failed to turn her vehicle to the left; that such failure was negligence; and, such negligence was a proximate cause of the occurrence. The jury found in Special Issues 25, 26 and 27, Mary Jane Holbert failed to turn her vehicle to the right; that such failure was negligence; and, such negligence was a proximate cause.

The trial court granted plaintiffs' motion to disregard the jury's answers to Special Issues 16, 17, 23, 24, 26 and 27. Judgment notwithstanding the verdict was entered

for plaintiffs and defendant, Patsy Cook Harris, has appealed. We reverse and remand.

█ Material jury findings may not be disregarded by the trial court if there is any evidence of probative force which, with proper inferences, will reasonably support the finding. Rule 301, Texas Rules of Civil Procedure; Eubanks v. Winn, 420 S. W.2d 698 (Tex.1967).

In determining if there is any evidence to support a jury finding we must view the evidence in its most favorable light in support of the finding, and consider only the evidence and inferences which support the finding and reject the evidence and inferences which are contrary to the finding. Martinez v. Delta Brands, Inc., 515 S.W.2d 263 (Tex.1974); Butler v. Hanson, 455 S. W.2d 942 (Tex.1970).

The record reflects the accident in question occurred on a Sunday afternoon. Defendant testified she was driving her 1960 Cadillac on Northwest Highway in Dallas when her car started "sputtering." She got over in the right hand lane next to the curb. She attempted, without success, to get her car over the curb. The engine "completely quit" and she was not able to get it started again. She then caught a ride to Keller's Drive-In where she was employed and called a wrecker. The accident occurred before the wrecker arrived.

Mary Jane Holbert was driving a Toyota automobile and her small son was a passenger. She was driving in a westerly direction in the right hand lane of Northwest Highway which at the point of the accident was a thoroughfare with three lanes of traffic in each direction. Mrs. Holbert testified that she was traveling between 35 and 40 miles per hour and traveling in front of her in the same lane of traffic and at about the same speed was a small red car. She stated the red car pulled out of her lane into the middle lane to her left, and she saw for the first time the parked vehicle. She testified she was three to four car lengths behind the red car when it pulled out into the middle lane and she was probably two car lengths from the parked car when she first saw it. On cross-examination Mrs. Holbert stated the red car was probably two to three car lengths behind the parked car when it pulled over in the middle lane. She did not apply her brakes nor did she remember turning to the left or right.

The witness Albach testified he was traveling in the middle lane about four or five car lengths behind Mrs. Holbert at the time of the accident. He placed her speed at about 35 miles per hour. When he first saw the parked car, he estimated that Mrs. Holbert was two or three car lengths from it. He stated that at that time he was able to observe Mrs. Holbert and he "felt she was distracted by something to her right." He was aware she was going to hit the parked car. Albach stated that when he became aware of the situation he called it to his wife's attention "and before she could turn around, the accident had taken place." He testified he was not close enough to Mrs. Holbert's car to have hit her if she had changed lanes.

The investigating officer testified there were no parking restriction signs in the area where the wreck occurred. He stated that at the scene of the accident he asked Mrs. Holbert "what happened" and she answered "I reached for my son." He said she made the same statement later at the hospital, but he did not interview her in depth because of her injuries. The officer found no skid marks. He stated the Cadillac was up next to the curb in the curb lane.

There is evidence in the record that the road was flat and straight where the accident occurred, but there was a slight curve and upgrade approximately two or three hundred feet east of the point of impact.

In Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273 (1958), the court said:

"In a case of this character, standards of ordinary care such as the direction and extent of the observation which Mrs.

Ricketts should have made at any particular time cannot be fixed with any degree of certainty but must be left in large measure to the trier of fact. It is well settled, moreover, that negligence and causation, like any other ultimate fact, may be established by circumstantial as well as direct evidence. See English v. Miller, Tex.Civ.App., 43 S.W.2d 642 (wr. ref.); Henry v. Publix Theatres Corp., Tex.Civ.App., 25 S.W.2d 695 (wr. ref.). The jury is thus not only the judge of the facts and circumstances proven but may also draw reasonable inferences and deductions from the evidence adduced before it. Its findings may not be disregarded under the provisions of Rule 301, therefore, if the record discloses any evidence of probative value which, with inferences that may be properly drawn therefrom, will reasonably support the same."

We think the jury could reasonably conclude that had Mrs. Holbert been keeping a proper lookout she would have observed the parked vehicle in time to take evasive action. There is evidence in the record that she was traveling about 35 miles per hour and was from three to four car lengths behind the red car when it pulled out of the right hand lane and into the middle lane.

■ We hold there is some probative evidence in the record to support the jury's findings to Special Issues 16 and 17 that Mary Jane Holbert failed to keep a proper lookout, and such failure was a proximate cause of the collision. De Winne v. Allen, 154 Tex. 316, 277 S.W.2d 95 (1955); Hall v. Hudson, 487 S.W.2d 434 (Tex.Civ.App. —Beaumont 1972, no writ); Robertson v. Alberty, 499 S.W.2d 361 (Tex.Civ.App.— Amarillo 1973, no writ).

By cross-point plaintiffs argue the jury's answers to Special Issues 16 and 17 are contrary to the great weight and preponderance of the evidence. We have considered the entire record as required by In Re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951) and overrule Plaintiffs' contention.

The cases urged by plaintiffs are distinguishable. Their reliance upon Rodgerson v. La Follette, 424 S.W.2d 280 (Tex.Civ. App.—Houston (14th Dist.) 1968, writ ref. n. r. e.), is misplaced even though the facts are similar. There the defendant's car for some unknown reason stopped and the defendant left it parked in the right-hand curb lane without posting any warnings. The plaintiff's wife who was also traveling in the right hand lane struck the rear of defendant's car. At the close of plaintiff's testimony, the trial court granted defendant's motion for instructed verdict. The appellate court held that the trial court erred in granting the instructed verdict because there was evidence in the record to support a jury finding that defendant was guilty of negligence which proximately caused the collision and the evidence did not conclusively establish that plaintiff's wife was guilty of negligence which proximately caused the collision. The court held the evidence raised a jury question as to whether plaintiff's wife was negligent. In the instant case the jury has answered that question against the plaintiffs.

In view of our holding that the court erred in disregarding Special Issues 16 and 17 it is not necessary for us to discuss defendant's points complaining of the trial court's action in disregarding the jury's answers to Special Issues 23, 24, 26 and 27.

■ In a cross-point plaintiffs contend the cause should be reversed and remanded to the trial court for further action on their motion alleging jury misconduct. We agree. Prior to the entry of judgment and subject to their motion to disregard and motion for judgment notwithstanding the verdict, plaintiffs filed a motion alleging jury misconduct. This motion has not been ruled upon by the trial court. In their motion plaintiffs alleged that the foreman of the jury stated in the jury room that comparative negligence was the law in Texas and, therefore, the plaintiffs would recover

even if issues were answered against them. Plaintiffs alleged that in reliance on such statement at least three jurors changed their vote on Special Issues 16, 17, 22, 23, 24, 25, 26 and 27 from "we do not" to "we do."

The judgment of the trial court is reversed and the cause remanded to the trial court with instructions to enter judgment upon the verdict of the jury and to permit the plaintiffs, James M. Holbert and wife, Mary Jane Holbert, to file a motion for new trial for the limited purpose of asserting jury misconduct. Rule 324, T.R.C.P., De Winne v. Allen, supra; McDonald, Texas Civil Practice, New Trial, § 18.04.4 (1971).