**Jimmy Mack WORTHY, Appellant,**

v.

**C. W. SNEED, III, Appellee.**

**No. 5411.**

Court of Civil Appeals of Texas,
Waco.

March 13, 1975.

Vial, Hamilton, Koch, Tubb, Knox & Stradley, Byron L. Falk, Dallas, for appellant.

Homer A. Brown, Garland, for appellee.

HALL, Justice.

Appellee brought this suit for property damages after his passenger car and appellant's pickup, being driven by them, were caused to collide on the LBJ Freeway in Dallas County, on June 8, 1973. A jury trial resulted in findings that the collision was caused by appellant's negligence in two respects, and by appellee's failure to keep a proper lookout. The jury set appellee's damages at $1,900.

The trial court overruled appellant's motion for judgment on the verdict, granted appellee's motion to disregard the findings that the collision was proximately caused by his negligent lookout, and rendered judgment that appellee recover $1,900 from appellant.

The disregarded findings are material defensive findings under our record. If they have any support in the evidence, then the court's rulings on the motions were erroneous, and judgment should have been rendered on the verdict for appellant. Rules 300 and 301, Vernon's Texas Rules of Civil Procedure; Eubanks v. Winn (Tex.Sup., 1967), 420 S.W.2d 698, 701. A proper resolution of this "no evidence" question requires that the proof, and every reasonable deduction that may be based thereon, be viewed and considered in a light most favorable to the disregarded findings. Douglass v. Panama, Inc. (Tex. Sup., 1974), 504 S.W.2d 776, 777. And in determining whether a particular finding has support in the evidence, a court may not look to other findings made by the jury. C. & R. Transport, Inc. v. Campbell (Tex.Sup., 1966), 406 S.W.2d 191, 195. An application of these rules to our record reveals the facts that follow.

The collision occurred at 4:00 P.M. on Friday. The weather was clear. Both parties were proceeding in a westerly direction. The Freeway provides four lanes for west bound traffic at the point of impact. When appellee entered the Freeway, he crossed the outside traffic lane and moved into the second lane from the outside, directly ahead of appellant, forcing appellant to slow his vehicle. Appellant then steered his vehicle to his left into the third lane from the outside, passed appellee, moved back into the second lane just ahead of appellee, and assumed a speed of 65 miles per hour. In this relationship, the vehicles proceeded about one and one-half miles when appellant's vehicle suddenly "hesitated," slowed five to eight miles in speed, then "picked itself right back up." It was at this time that appellee attempted to pass appellant on the left, and the right-front of appellee's car struck the left-rear of appellant's pickup. This initial impact caused the parties to lose control of their vehicles, and they collided a second time with each other.

From this proof and other testimony which we need not detail the jury could have reasonably determined that the collision was proximately caused by appellee's failure to maintain a sufficient lookout to notice the momentary decrease in appellant's speed, and by appellee's failure to visually ascertain that he had sufficient clearance to pass appellant's vehicle. Accordingly, we hold that it is legally sufficient to support the questioned findings.

By proper assignment, appellee asserts that the findings against him are against the great weight and preponderance of the evidence. A review of all of the evidence convinces us that this complaint is without merit. It is overruled.

The trial court's judgment is reversed. Judgment is here rendered that appellee take nothing in this suit. Costs of trial and this appeal are taxed against appellee.

Reversed and rendered.