**FDIC, receiver of Franklin Bank, Appellant,**

v.

**AMERICAN HOME ASSURANCE COMPANY, Appellee.**

**No. 17295.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

April 19, 1979.

Rehearing Denied June 28, 1979.

---

Strasburger & Price, Frank L. Skillern, Jr., Royal H. Brin, Jr., Duncan L. Clore, Dallas, for appellant.

Woodard, Hall & Primm, Robert A. Hall, Bruce Powers, Houston, for appellee.

Before EVANS, WARREN and WALLACE, JJ.

WARREN, Justice.

Federal Deposit Insurance Corporation, Receiver of Franklin Bank, appeals from a declaratory judgment entered on a jury finding that American Home Assurance Company, appellee, had not refused to renew a policy of insurance.

In April, 1972, appellee issued to Franklin Bank a Directors and Officers Liability and Company Reimbursement Policy which according to its terms expired at 12:00 noon, Central Standard Time, on April 3, 1975. A renewal application was submitted to the secretary of the bank, Marion Cook, approximately 30 to 45 days prior to the expiration of the policy. At that time, Mr. Cook stated the renewal application would be completed promptly. Thereafter, Mr. Cook was reminded, on more than one occasion, to complete the renewal application but failed to do so.

On March 24, 1975, Franklin Bank closed and was placed in the hands of the Banking Commissioner of the State of Texas, who appointed the Federal Deposit Insurance Corporation (FDIC) receiver.

On April 3, 1975, at approximately 10:45 A.M., Central Standard Time, the Receiver discovered that the policy was about to expire. Shortly before 11:00 A.M., Central Standard Time, an attorney for the Receiver telephoned the home office of appellee and talked with Brian Samway. Mr. Samway was advised that the bank was in receivership and that claims existed under the policy. The attorney requested the policy be renewed. It is disputed whether American Home was orally advised that if renewal was refused then the receiver elected to exercise the option under paragraph 8(a) of the policy to extend the discovery period. It is undisputed, however, that American Home was advised of the Receiver's election by telegraph sent and received on the same day.

Paragraph 8(a) of the policy reads as follows:

In the Insurer shall cancel or refuse to renew this policy, the Insureds shall have the right, upon payment of the additional premium of 25% of the three year premium hereunder, to an extention [sic] of the insurance granted by this policy in respect of a claim or claims which may be made against the Insureds, during the period of twelve months, after the date of such cancellation or non-renewal, but only in respect of any Wrongful Act committed before the date of such cancellation or non-renewal.

On April 9, 1975, American Home notified the Receiver that coverage by extending the discovery period under paragraph 8(a) was not available because the policy

expired as a result of the actions of the insureds, and not as a result of any action by the insurer. It is American Home's position that it did not have sufficient time or information, prior to the expiration of the policy, to make an underwriting determination because of the late request and the failure to submit the renewal application. American Home also contends that once the policy expired it was under no obligation to give the renewal request further consideration.

The following issue was submitted to the jury:

"Do you find from a preponderance of the evidence that American Home refused to renew the insurance policy involved in this case." The jury found that American Home had not refused to renew the policy. Based upon this finding, the trial court entered a take nothing judgment and overruled the Receiver's motion for judgment notwithstanding the verdict.

The Receiver appeals, asserting that American Home refused to renew the insurance policy as a matter of law. We sustain this point of error.

■ A judgment notwithstanding the verdict is authorized only when a directed verdict would have been proper. *Eubanks v. Winn,* 420 S.W.2d 698 (Tex.1967). A jury's answer to a special issue may be disregarded only when it has no support in the evidence or when the issue is immaterial. *C & R Transport, Inc. v. Campbell,* 406 S.W.2d 191 (Tex.1966).

Under a directors and officers liability and company reimbursement policy the insurer is liable only for those acts or omissions which occurred and were discovered during the policy period. Stated simply, if an officer or director was guilty of conduct during the policy period which gave rise to a claim, but which was not discovered until after the policy expired, then the insurer would have no obligation under the policy. For this reason, the option to extend the discovery period is extremely valuable.

■ In the instant case, the contract was printed on a standard form prepared by American Home. It is firmly established that ambiguities in contracts are to be construed against the drafter. It is also firmly established that policies of insurance are interpreted and construed liberally in favor of the insured and strictly against the insurer. *Vernon v. Aetna Life Ins. Co.,* 301 F.2d 86 (5th Cir., 1962); *Providence Washington Insurance Co. v. Proffitt,* 150 Tex. 207, 239 S.W.2d 379 (Tex.1951).

■ Considering the nature of the contract and the plain meaning of the language used, there is no doubt that the parties intended that the insured would have the option of either renewing the policy or extending the discovery period for one year. In the instant case, the policy only implicitly required a demand for renewal and, therefore, did not prescribe the manner in which or the time by which the demand be made. If American Home had desired to limit either the manner, mode or time of the renewal request, this could have been expressly stated in its standard form contract. For these reasons, the unequivocal oral request for renewal was sufficient as a matter of law.

The issues then become whether American Home was compelled to either accept or reject the renewal request, and whether American Home's refusal to give the renewal request consideration after the expiration of the policy constituted a refusal to renew as a matter of law. We answer both questions in the affirmative.

■ As discussed, the option to extend the discovery period was a valuable contract right dependent upon the decision of American Home to either accept or reject the renewal request. It is well established that an optioner may not commit any act or omit to perform any duty which is calculated to impede, delay or otherwise frustrate the exercise of the option. *Colligan v. Smith,* 366 S.W.2d 816 (Tex.Civ.App.—Fort Worth, 1963, writ ref'd n. r. e.).

■ American Home was placed under a duty to either accept or refuse the renewal request. American Home could not defeat the right to exercise this valuable option by

simply remaining silent and refusing to act. If American Home did not have sufficient time or information to evaluate the request, then American Home was under a duty to refuse the request for these reasons. By failing to do so, American Home refused to renew the policy as a matter of law.

Because of our holding that American Home refused to renew the policy as a matter of law, it is unnecessary to review the sufficiency of the evidence or the adequacy of the special issue and instruction submitted to the jury.

American Home by cross-assignment of error urges that it was entitled to an instructed verdict because the receiver failed to introduce evidence that it had authority to renew the policy of insurance.

■ It is the primary duty of a receiver to preserve the assets under its control. "Upon the acceptance of the appointment of receiver on liquidation by said Corporation (FDIC), the possession of and title to all the assets, business and property of such banking institution of every kind and nature shall pass to and vest in said Corporation . . . ." Tex.Rev.Civ.Stat.Ann. art. 489b, § 7 (Vernon 1973).

■ Given the exigent circumstances existing in this case, the Receiver had the right to request that the policy be renewed or the discovery period extended. This was a right purchased by appellant's predecessor in interest in 1972 which appellant had a duty to protect. In *Thompson v. Phenix Insurance Co.,* 136 U.S. 287, 10 S.Ct. 1019, 34 L.Ed. 408 (1890), the United States Supreme Court held that "a receiver under exigent circumstances may act without court approval to preserve the property in his custody and that an insurer is without standing to challenge the authority of the receiver to procure insurance without court approval."

Appellee's Counterpoint is overruled.

The judgment is reversed and rendered.

## ON MOTION FOR REHEARING

■ On motion for rehearing, appellee urges that the court of civil appeals had no jurisdiction to render judgment for appellant because there was no justiciable controversy to be considered by the trial court. Appellee argues that since it had no duty to defend under the insurance policy in question, the mere pendency of a claim or suit against an officer or director would not present a justiciable controversy and one would arise only if a judgment was recovered against one of the covered officers or directors. In support of this contention, appellee cites *Central Surety & Ins. Corp. v. Anderson,* 445 S.W.2d 514 (Tex.1969), and other cases wherein declaratory judgments were brought to determine the insurer's obligation to defend and its liability to pay any judgments recovered against the insured. The courts have held in these cases that the issue as to whether there was a duty to defend was a justiciable one, but a judgment declaring that insurer would be obligated to pay any judgment rendered against the insured was an advisory opinion prohibited by the Constitution.

We have no such issue before us; our issue being whether under an existing policy of insurance, the insureds' successor in interest had a legal right to renew the policy or extend the period for which the insured could discover claims which would be covered under the existing policy. This right in issue (the right to renew or extend the discovery period) or lack of such right, existed at the termination date of the policy.

The other points urged by appellee having previously been considered and discussed in the original opinion, the motion for rehearing is overruled.